## SOUTHERN RAILWAY COMPANY *v.* DYSON.

When the petition in an action against a railway company for damages alleged to have been sustained by the plaintiff's unlawful expulsion from a train insufficiently describes the ticket presented to the conductor as the evidence of the former's claim of a right to passage, it is erroneous to overrule a special demurrer properly pointing out the defectiveness of the petition in this respect. FISH and LEWIS, JJ., dissenting.

Argued June 15, Reargued October 6, 1899.—Decided January 31, 1900.

Action for damages. Before Judge Gober. Cobb superior court. November term, 1898.

*Dorsey, Brewster & Howell, E. W. Frey,* and *H. M. Dorsey,* for plaintiff in error. *Mozley & Griffin,* contra.

LUMPKIN, P. J.   Mrs. Dyson brought an action against the Southern Railway Company, for damages alleged to have been sustained by her unlawful expulsion from a train of the defendant.   Her petition alleged that she purchased from an agent of the company "a ticket from Mableton to Atlanta, Georgia, for first-class passage to Atlanta, Ga., over defendant's line, paying therefor the sum forty-seven cents."   The character of the ticket was not otherwise indicated, nor did the petition contain any allegation that it was good for passage at the time when presented.   Her complaint was, that the conductor refused to recognize this ticket as valid and accept it for passage.   The defendant demurred to the petition generally and specially.   One ground of its special demurrer was as follows:   "Defendant demurs specifically, because there is no description given of the ticket; because it is not stated what writing or printing or stamp appeared on said ticket, nor any of the conditions, dates, or anything going to show the character of said ticket."   The demurrer was overruled, and a trial had, resulting in a verdict in favor of the plaintiff.   The defendant moved for a new trial, which was denied, and by its bill of exceptions complains both of the overruling of its demurrer and of the refusal to grant a new trial.   We shall deal only with the question presented by the special demurrer; for, as we have reached the conclusion that the same ought to have been sustained, all the proceedings in the trial court subsequently to the overruling of the company's demurrer are to be treated as wholly nugatory.   *Jones* v. *Hurst*, 91 *Ga.* 338.

The character of the ticket was of the utmost importance in determining whether or not the plaintiff was legally entitled to ride upon the train from which she was expelled.   She claimed to be a passenger of the company under a contract with it evidenced by this very ticket, and surely the defendant, when it by special demurrer called for a description thereof, was entitled to have the same.   The petition did not allege that the price paid for the ticket was at the maximum rate allowed by law, or that it was unlimited as to time.   Although it would have been a simple and easy matter to comply with the defendant's proper and reasonable demand, plaintiff's counsel

made no offer to amend. The failure to make an appropriate amendment ought to have resulted in a dismissal of the action. As the plaintiff chose to stand upon her petition as filed, and thus deny the defendant information essential to its defense, her rights in the premises are to be thereby tested; and we have reached the conclusion that she ought not to have been allowed to force the defendant company to a trial on the merits upon such indefinite and insufficient pleadings in respect to a matter of such vital importance.

*Judgment reversed. All the Justices concurring, except*

FISH and LEWIS, JJ., dissenting. Even if, in such an action, it was necessary to describe the ticket at all, the description in the present petition was sufficient. The special demurrer assumed that the ticket contained conditions, when it did not appear from any allegation in the petition that such was the fact; and therefore, in this respect, the demurrer was in effect what is termed a "speaking demurrer."