### BELL *v.* THE STATE.

1. An attack upon a specified portion of the court's charge can not prevail where it appears that the correctness of such charge is not questioned, the only criticism upon it being that it fails to present another theory of the defense, when such ground is certified with the qualification that "both defenses and the law applicable thereto were presented to the jury."
2. No other errors of law are complained of. The evidence authorized the verdict, and the judgment of the court below refusing a new trial must be affirmed.

Argued October 18,—Decided November 7, 1906.

Indictment for murder. Before Judge Lewis. Laurens superior court. September 12, 1906.

Bell was convicted of the murder of Bose Mathews, and assigns as error the overruling of his motion for a new trial. Witnesses for

the State testified in substance as follows: The difficulty between Bell and Mathews arose at a church, over some money which Bell claimed that Mathews owed him. One Gilbert paid the money, to avoid any further trouble. Witness heard Mathews say to Bell, "You have got your money, I hope you and me will be good friends." Ed Mathews, brother of the deceased, was approaching just at that moment, and defendant, in reply to deceased, cursed him, and, drawing his pistol, began firing at Ed Mathews, and then turned and shot deceased, inflicting a fatal wound. Ed Mathews shot once or twice after being fired upon by Bell. The defendant presented and insisted upon two distinct defenses, first, that he did not fire the shot that killed Mathews, but that said shot was fired by deceased's brother; and, second, that if he did fire the fatal shot, it was in self-defense in resisting an assault made upon him by Ed Mathews and deceased. He introduced testimony to support his contentions. There were many witnesses, both for the State and for the defendant, and some portions of their evidence were decidedly conflicting.

*W. C. Davis,* for plaintiff in error. *John C. Hart, attorney-general,* and *Joseph E. Pottle, solicitor-general,* contra.

BECK, J. (After stating the foregoing facts.) 1. The only criticism made in the motion for a new trial upon the court's instructions to the jury was confined to the following extract from the charge: "His (defendant's) contention is that the deceased's brother made an assault upon him with a deadly weapon, and the deceased was on this occasion aiding and abetting him in an effort to take his (defendant's) life, and while he was thus aiding and abetting his brother by holding him (defendant) at the time, he (defendant) fired the shot that took the life of the deceased;" the objection being that "one of the defendant's theories of defense was thereby excluded." The judge certified this ground of the motion, but qualified his certificate by the addition of the following: "I add the following note to my certificate to the above assignment. Two distinct defenses were presented and insisted upon by defendant's counsel: one was that he did not fire the shot that took the life of the deceased; the other was that if he did fire the fatal shot, it was fired in self-defense. In presenting the latter defense in my charge, it was done upon the supposition that he fired the fatal shot. Both defenses and the law applicable thereto were presented to the

jury." The criticism upon the charge has no force, when considered in the light of the judge's note qualifying his certificate. It is not denied that the portion of the charge quoted states correctly one theory of the defense. From the judge's certificate it affirmatively appears that the other theory was presented to the jury; and this statement is borne out by an inspection of the charge itself, which is in the record. The court could not state both theories at the same time; the statement of one, followed by instructions as to the law applicable to it, did not amount to an exclusion of the other, when the latter was given a place in the charge, and the jury were properly instructed in regard to it.

2. The verdict of guilty was amply supported by the evidence of several eye-witnesses to the tragedy; no error of law other than that dealt with above was complained of, and the judgment of the court below refusing a new trial must be affirmed.

*Judgment affirmed. All the Justices concur.*