## KING v. SOUTHERN RAILWAY COMPANY, and *vice versa.*

1. Where a petition alleged, that the plaintiff purchased a ticket from one named station to another and return, paying to the agent of the railroad company the regular round-trip rate of fare; that he traveled to the point of destination; that on his return he boarded the defendant's train and the conductor took up his ticket, but did not give him an opportunity to alight at the station where his ticket entitled him to leave the train, and carried him a mile or two beyond, and then stopped the train and told him to alight; that while he was in the act of doing so, the conductor used insulting language to him and struck him, causing him to fall from the train and be injured; and that the plaintiff sought to recover only for the tort thus done to him: *Held,* that this was not an action for a breach of contract, but for a tort; the purchase of the ticket, the paying of passage, and the delivery of the ticket to the conductor being alleged to show the duty arising on the part of the railroad company toward the plaintiff.

2. Where a petition alleged that the plaintiff had purchased from the agent of a railroad company a ticket from one place to another and return, paying therefor the full round-trip rate of fare, and that on his return passage the conductor received the return ticket from him, and also that he paid the defendant full first-class fare from the point of starting to the point of destination and return, and had the right to be treated in a decorous manner, as the law requires that passengers shall be treated, the defendant having accepted his money for the ticket, and having taken the ticket from him, this was a sufficient description of the ticket.

3. A demurrer to such a petition, on the ground that it did not state what writing, printing, or stamp appeared on the ticket, if any, or what were the conditions or dates on the ticket, or that the price paid for it was the maximum rate allowed by law, or that it was unlimited as to time, or that it was good as to the train on which he took return passage, running on this schedule, and for this particular day and date, was properly overruled.

4. The case of *Southern Ry. Co.* v. *Dyson,* 109 *Ga.* 103, distinguished.

5. Although a passenger's ticket may only entitle him to be carried to a certain station, yet, if the conductor of the train afforded him no opportunity to alight at that point, but carried him on some distance beyond and there put him off, and in doing so used abusive language and personal violence, causing injury to him, this was a tort for which an action would lie.

6. The evidence made out a prima facie case, and the grant of a nonsuit was error.

Submitted April 20,—Decided May 15, 1907.

Action for damages. Before Judge Bartlett. Haralson superior court. January 16, 1906.

King brought suit against the Southern Railway Company, alleging as follows: The defendant has injured and damaged him in the sum of $1,999. On November 8, 1900, he purchased a ticket from the agent of the defendant company at Waco, a station on said road, to Atlanta and return, paying therefor the regular round-trip rate of fare. He went to Atlanta, using the ticket, and in the afternoon of the same day he went to the station in Atlanta and boarded the train to return to Waco. After the train had run some distance from Atlanta, the conductor, as is customary, took up his ticket. When the train arrived at Waco it did not stop, but only "slowed up," and before he could get off, or even leave his seat, the speed was increased to such a high and dangerous rate that he could not attempt to alight. Soon after leaving Waco, and about one mile therefrom, the conductor in charge of the train approached him and appeared to be very angry because he had not left the train at Waco, and demanded that petitioner pay him fare to the next station. On petitioner's refusal to pay such fare the conductor stopped the train, and told petitioner, in a rough and insulting manner, to get off. He at once attempted to obey the command and walked before the conductor to the front of the car and started to descend the steps to the ground. Just after he started down the steps, the conductor struck him a terrific blow in the back, at the same time shoving him with great force from the car to the ground. The place where he fell was rough and rocky, and, the night being dark, he was unable to see or to protect himself in any way as he fell. His knee struck a rock or stump, or other hard substance, and was badly bruised and injured. It was the duty of the defendant, by its conductor and other servants, to stop the train at Waco and let him alight in a safe and proper manner, and not carry him on from the station a mile or two, and then abuse and assault him and shove him from the train at night in a dangerous place. He had paid the defendant full first-class fare from Waco to Atlanta and return, and had a right to be treated in a decorous manner as

a passenger, the defendant having accepted his money for his ticket and having taken the ticket from him. The assault upon him was reckless, malicious, and unwarranted, and he was entirely free from fault or negligence. Much of the abusive language used to him was in the presence of other passengers, and the treatment of him in their presence greatly humiliated him. There were also allegations as to the extent of the injury. Defendant demurred to the petition. The plaintiff filed an amendment, alleging that he sued only for the tortious conduct, alleged in the petition, on the part of the conductor in putting him off the train; and also a second amendment, adding: "as set out and described in the original petition in the several paragraphs thereof." The defendant renewed its original demurrer, and added other grounds. The demurrer was overruled, and the defendant excepted pendente lite.

Plaintiff's evidence was, in brief, as follows: On or about November 8, he went to Atlanta. He obtained a ticket at Waco from the agent of the defendant. He returned on the same day, after dark. He went to Atlanta on the defendant's accommodation passenger-train, and returned on the train the same day. He made no request of the conductor to stop at Waco, but gave his ticket to the conductor. The latter did not stop at Waco. About a mile and a half beyond that point the train stopped. The conductor asked him if he would get off there if a stop was made, and the plaintiff answered that he would. When the train stopped, the plaintiff got his overcoat and started out ahead of the conductor. As he walked down the steps the conductor gave him a shove, causing him to miss the bottom step and fall with force. The conductor, at the same time, said, "Now, by G—, I guess you will get off." When the plaintiff was shoved from the train, it had just started in motion. He did not pay any fare after passing Waco, nor have any ticket beyond that point. On cross-examination he stated, that he could not tell whether or not the train he was on was scheduled to stop at Waco; that he was informed by persons in Atlanta that it would stop and let him off there, and he had no knowledge to the contrary. But at a station on the road, before reaching Waco, the conductor told him the train did not stop there. He also testified as to the extent of the injury, pain, etc. The court granted a nonsuit, and plaintiff excepted. Defendant filed a cross-bill of exceptions.

*James Beall* and *E. S. Griffith,* for plaintiff

*Hugh M. Dorsey* and *Hutcheson & Matthews,* for defendant.

LUMPKIN, J.   (After stating the facts.)

1. The demurrer was properly overruled.   The petition set forth a cause of action, and was not demurrable for duplicity or for joining an action ex contractu with one ex delicto.   The action, fairly construed, was one ex delicto.   The purchase and delivery of the ticket were alleged in order to show the duty of the defendant toward the plaintiff.   It is not always entirely easy to distinguish between a suit for a breach of contract of carriage, and the alleging of the contract in order to show a duty resting upon the carrier where the action is one for a tort.   Any yet it is well established that such a distinction does exist.   Here the suit was not for a breach of contract of carriage to Waco, but was for a tort committed upon the plaintiff; and the purchase of a ticket by him and its acceptance by the conductor of the company were alleged, to show the relation of himself and the company to each other, what was the duty of the company toward him under the circumstances, and that it violated its duty and committed a tort upon him.   If a petition is ambiguous as to whether the suit is for a tort or based on contract, this may furnish a ground for demurrer, duly filed.   The plaintiff, however, may amend so as to clearly show whether he is suing for a tort or for a breach of contract. *Central R. Co.* v. *Pickett,* 87 *Ga.* 734.   He did amend in this case, and alleged that he was suing only for a tort.

2-4. The plaintiff alleged that he purchased from the agent of the defendant at Waco a ticket to Atlanta and return, paying therefor the full round-trip rate of fare, and that the conductor received this ticket from him on his return passage.   In another part of the declaration he alleged that he paid the defendant full first-class fare from Waco to Atlanta and return, and had a right to be treated in a decorous manner, as the law requires that passengers shall be treated, the defendant having accepted his money for the ticket and having taken said ticket from him.   This was a sufficient description of the ticket, and it was not necessary that the petition should state what writing, printing, or stamp appeared upon the ticket, if any, or what were the conditions and dates on the ticket, or that the price paid for it was the maximum rate allowed by law, or that it was unlimited as to time, or that it was

good as to this train, running on this schedule, and for this particular day and date. The ground of the demurrer setting up this point was correctly overruled. The decision in *Southern Ry. Co. v. Dyson*, 109 *Ga.* 103, was not concurred in by the entire bench, but two of the Justices dissented. We need not hold whether the views of a majority of the court would be sustained or those of the dissenting Justices, if the two cases were identical. There is one material difference. In that case the conductor refused to recognize the ticket or accept it for passage, and caused the plaintiff to be expelled. She claimed that she was legally entitled to ride upon the train, and that her expulsion was unlawful. How far the allegation to show this must go, whether to the extent of setting out writing, printing, or stamping upon the ticket, including conditions, dates, etc., need not be discussed. In the present case it was alleged, that, after the return passage from Atlanta began, the conductor accepted and took up the ticket of the plaintiff; but nevertheless, in violation of the duty which the company owed to him, the conductor committed a tort upon him. Certainly it was not necessary in such a case, in order to show the relation which existed between the plaintiff and the railroad company, for him to allege or set out these various details in reference to the ticket which the company's agent had received from him and which was no longer in his possession. See *Caldwell* v. *Richmond & Danville R. Co. 89 Ga.* 550; *Pickens* v. *Georgia R. Co., 126 Ga.* 517.

5. It was further made a ground of demurrer, that the petition showed that if the plaintiff had any right as a passenger at all, it was only to Waco; and that he was put off beyond that point. But it can not be successfully claimed that a railroad company is free from liability, if its conductor allows no opportunity for a passenger to alight at his point of destination, and carries him a mile or two beyond, and then knocks him from the platform to the ground, while in the act of alighting.

6. The evidence for the plaintiff made out a prima facie case, and the grant of a nonsuit was error. If the plaintiff was not lawfully upon the train, or if no tort was committed upon him, this may furnish matter for defense. But the evidence made out a sufficient case to go to the jury.

*Judgment reversed, on main bill of exceptions; on cross-bill, affirmed. All the Justices concur.*