12498.  Payne, agent, v. Allen.

Jenkins, P. J.  The plaintiff brought suit for the homicide of her eighteen-year-old son, alleging that while he was riding as a passenger on a railroad-train operated by the defendant, he was negligently killed in a head-end collision of that train with a freight-train.  The petition shows (and it is sustained by the evidence) that the passenger-train was then running in the night-time out of its schedule and without a headlight.  The defendant filed a general demurrer, and a special demurrer based upon several grounds, one of which was that the petition failed to set forth how the deceased became a passenger — whether by purchase of a ticket or by payment of fare, or "by holding free transportation," or otherwise.  On the conclusion of the plaintiff's evidence the defendant in open court admitted negligence, and rested the defence upon the contention that the deceased was not a passenger on the train at the time he was killed, but was attempting to ride thereon by concealing himself on the "blind baggage" between the front end of the express-car and the rear end of the tank on the train, and that if he was killed on the occasion referred to, his death was the result of his own carelessness in riding in said perilous place and without any knowledge on the part of the defendant or any of its agents.  The jury found a verdict in favor of the plaintiff for $15,000.  Exceptions were taken to the overruling of the demurrer and to the refusal to grant a new trial.  Held:

1. The petition set forth a cause of action, and the judge did not err in overruling the different grounds of special demurrer, including the one specifically referred to in the foregoing statement, which is the only ground argued in the brief of counsel.  A petition against a common carrier for the negligent homicide of a passenger can be based upon an allegation that the deceased was at the time of the homicide a passenger of the defendant, without ordinarily being required to allege specifically the details as to the manner or method of his becoming such, with respect to the purchase of a ticket, or whether the purchase of a ticket had been made.  In such a case the plaintiff must rely upon the facts as they shall be made to appear.  The rule is different where the gravamen of the complaint is the alleged actual repudiation of an expressly pleaded contract for passage, and where the basal fact supporting the right to recover is thus expressly made to consist in the validity of the pleaded contract by which the duties owing by the defendant to the passenger are plainly limited.  *Riley v. Wrightsville &c. R. Co.*, 133 *Ga.* 413, 419 (2) (65 S. E. 890, 24 L. R. A. (N. S.) 379, 18 Ann. Cas. 208).

2. It is impossible for this court to say, as a matter of law, that the evidence in this case, when considered in its entirety, absolutely demanded a finding in favor of the defendant's contention that the deceased was a trespasser, or that at the time the collision and the homicide occurred he was riding on the "blind baggage."

3. Exception is taken to the plaintiff being permitted to testify that "in a certain sense" she was partially dependent upon her son for maintenance and support.  "The statement of the witness that she was dependent upon her son was the statement of a fact, and not objectionable

as being a mere conclusion. This statement, if made alone, might have been shown by cross-examination to have been an inference unsupported by facts; but the witness had already given the facts upon which the statement was predicated. Any witness, after having related the facts upon which he bases an opinion, is permitted to give an opinion, and its probative value is a matter for the jury." *Ga. Ry. &c. Co.* v. *Bailey*, 9 *Ga. App.* 106 (4), 107 (70 S. E. 607). Compare *Central of Ga. Ry. Co.* v. *Hartley*, 25 *Ga. App.* 110 (4), 112 (103 S. E. 259). In this case the mother had testified as to the nature of the dependency to which she in this way referred. She had testified that, on account of continued illness her husband had become unable to attend to business, and that the deceased had taken charge of the husband's farming business, on which she and the other members of the family were dependent for support. See *Augusta Ry. Co.* v. *Glover*, 92 *Ga.* 132, 133 (6) (18 S. E. 406); *Atlanta &c. Ry. Co.* v. *Gravitt*, 93 *Ga.* 369 (2) (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145); *City of Thomasville* v. *Jones*, 17 *Ga. App.* 625, 628 (4 *a*) (87 S. E. 923).

4. The court did not err in charging section 2715 of the Civil Code, that " A carrier may demand prepayment of fare; but if, by its permission, persons enter its vehicle with the intention of being carried, an obligation to pay fare is implied on the part of the passenger, and the reciprocal liability of the carrier arises;" or in charging, " If you believe from all the facts and circumstances that the said Allen was, just before the departure of the train, on the steps, or on the platform, of the passenger car of the defendant, which was open for the reception of passengers, in the act of leaving, entering for the purpose of becoming a passenger, then I charge you that the relation of passenger and carrier arose between said deceased and said defendant, and defendant owed him the duty of exercising extraordinary care for his safety until he arrived at his destination." *Ga. Ry. &c. Co.* v. *Cole*, 1 *Ga. App.* 33, 34 (57 S. E. 1036).

5. The court charged as follows: " The plaintiff contends that she is entitled to recover for the death of her son, for the reason that she was dependent upon him for support, and that he contributed substantially to her support, and was so doing at the time of his death. On this point I charge you that a mother may recover for the homicide of her child upon whom she is dependent, or contributes to her support, unless said child has a wife or child, and she is entitled to recover the full value of the life of such a child who is killed. I charge you, she need not be wholly dependent on him for a support; she is entitled to recover if merely partially dependent on him, and could recover the full value of his life. If you believe, from the preponderance of the evidence, that Mrs. Allen was partially dependent upon her deceased son for support, and that he contributed substantially to her support, she would be entitled to recover for the value of his life, unless prevented from so doing for some legal reason. The contribution need not be in money or some other substantial manner; the question is, did the deceased contribute substantially to the support of the plaintiff, and was she dependent upon him for this support in part. If you find she was partially dependent upon him, and that he contributed substantially to

her support, this will be sufficient to authorize you to find for the plaintiff, should you find for her under further instructions given to you by the court and the evidence as submitted in the case." It will be observed that in one particular portion of this excerpt the word " *or* " is used when the word " *and* " should have been employed. The court subsequently made the following statement to the jury: " Counsel has just called my attention to the fact that I used the word ' or ' with reference to contribution and dependency. I charge you that a mother may recover for the homicide of her child upon whom she is dependent, *and* who contributes to her support, unless said child leaves a wife or child, and she is entitled to recover the full value of the life of such child." *Held:*

(*a*) It is a well-settled rule that when the court gives in charge to the jury an erroneous instruction tending to mislead them as to the law on a material issue in the case, and the error remains uncorrected, the fact that a different and correct instruction as to the same matter is given in another part of the charge will not nullify or cure the uncorrected error (*Central of Ga. Ry. Co.* v. *Deas,* 22 *Ga. App.* 425, 426 (3), 96 S. E. 267); and this rule is fully recognized in the dissenting opinion in the case just cited, to which dissent, although affording no sort of authority, reference has been made in the briefs. It is equally well settled, however, that, in determining whether or not an erroneous and misleading instruction has really been given, the excerpt complained of " should be considered in its relation to its context; and where the context removes all probability of an erroneous impression which might be created by the excerpt as an isolated fragment, a new trial will not be granted." *Suple* v. *State,* 133 *Ga.* 601 (66 S. E. 919); *Heath* v. *State,* 68 *Ga.* 287; *Wilson* v. *State,* 69 *Ga.* 224, 225 (7); *Britten* v. *State,* 124 *Ga.* 783 (53 S. E. 99); *Gaston* v. *Gainesville &c. Ry. Co.,* 120 *Ga.* 516 (48 S. E. 88). It is in the application of this last-mentioned rule that difficulties sometimes arise, as in the *Deas* case. In the instant case, whatever might have been held under the language of the original charge, the explicit correction was sufficient to cure any erroneous impression which might possibly have been received. *Massie* v. *State,* 24 *Ga. App.* 548 (101 S. E. 703).

(*b*) The excerpt does not afford ground for reversal on the theory that the jury might have understood the code section thus given to mean that the plaintiff would be entitled to recover, to the exclusion of the defenses which the defendant had sought to establish. The charge is not inherently wrong, since, as stated by the code, such a plaintiff *may* recover; and the bulk of the charge relates to the law of the case under the defenses raised by the plea. Everything cannot be stated at one and the same time, and it does not appear conceivable that the jury could possibly have understood that they were to ignore the defenses pleaded, about which the testimony pro and con centered, and upon which most of the instructions were based, and where, as is admitted, the right to a recovery is plainly limited under the charge by the defenses set up under the plea. See *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152, 153 (2) (38 S. E. 389); *Bell* v. *State,* 126 *Ga.* 568, 570 (55 S. E. 476).

6. Exceptions are taken to the alleged failure of the court to submit, on its own motion, (a) the distinct defense that plaintiff's son did not intend to pay any fare, and hence had no right upon the train, but occupied the position of a trespasser, and (b) the law applicable to the issue as to whether plaintiff could recover, even though her son's intention was to pay, if at the time of his death he occupied the perilous position of riding on the "blind baggage." These grounds of the motion are without merit. The court clearly instructed the jury that, if the deceased boarded the train without the intention of becoming a passenger, he thereby became a trespasser, and the plaintiff could not recover. The court charged: "You look to the evidence, with an effort of determining whether or not he was a passenger on such train; see whether or not at the time he boarded the train it was then his intention to make himself a passenger and travel as a passenger to his place of destination. Should you find that he was, your form of verdict would be framed according to instructions previously given. Should you find that he boarded such train but had no intention to become a passenger, that he vacated the places which passengers are provided with, and placed himself upon some other portion of the train, I charge you that, should you find that to be the fact, he would have been a trespasser, and not entitled to recover." In reference to the latter contention the court even went to the extent of saying in effect that his mere presence on the "blind baggage" would of itself make him a trespasser, and thus result in an absolute bar to a recovery. The court charged: "Should you find from the evidence that the young man, the deceased, young Allen, went down to the depot with his companion, went aboard the train with the intention of becoming a passenger, and undertaking his transportation to his destination as a passenger of defendant's train, but that he placed himself on what is known as the 'blind baggage' or in some other place which was not the place reserved for passengers and for passengers to ride, then that fact made him a trespasser, and the plaintiff in the case would not be entitled to recover a verdict for any amount."

7. The evidence does not show the amount of the recovery to be excessive; and for none of the reasons assigned would this court be justified in setting aside the verdict and judgment.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED DECEMBER 14, 1921. REHEARING DENIED FEBRUARY 1, 1922.

Action for damages; from city court of Bainbridge — Judge Spooner. April 25, 1921.

*Hartsfield & Conger, Pope & Bennet,* for plaintiff in error.

*R. L. Berner, W. M. Harrell, John R. Wilson,* contra.

Application for certiorari was granted by the Supreme Court.

### ON MOTION FOR REHEARING.

JENKINS, P. J. The record in this case as originally sent up by the clerk of the trial court was deficient, in that it omitted from the 8th paragraph of the petition the allegation showing the death

of plaintiff's son in the collision described. Counsel for the defendant themselves called attention to this diminution of the record, but the fact escaped our attention, for the reason that the defendant's general demurrer was neither insisted upon nor argued in the briefs of counsel, and the sole argument on the facts of the case was based upon the defendant's contention that the deceased, at the time he was killed, was not a passenger, or, even if he was such, was then attempting to ride by concealing himself on the " blind baggage " between the front end of the express-car and the rear end of the tank of the engine. However, as counsel insist upon the point in their motion for rehearing, the originally omitted portion of paragraph 8, alleging the homicide, has been procured from the clerk of the trial court, under an order of this court. One of the grounds of defendant's special demurrer was as follows : " In the eighth paragraph, as to Hugh Allen being killed in the collision, on the ground that the allegation is too vague and indefinite, and the transaction is not sufficiently described, and it is not alleged how the said Hugh Allen was killed, or where he was located at the time he was killed,— whether he was riding on the ' blind-baggage ' or outside the platform of the baggage car, or in the baggage-car, or on the platform of a passenger-car, or inside of a passenger-car, and said petition nowhere shows that said Hugh Allen was in the exercise of due care at the time he was killed. This ground of special demurrer was only insisted upon in general terms, in the comprehensive and exhaustive arguments contained in the written briefs of the defendant's counsel, but, in view of the motion for rehearing, is now quoted in full and specifically ruled upon as being without merit.

Counsel, in their motion for rehearing, contend that, in overruling the first special ground of demurrer (paragraph 1 of the syllabus), this court must necessarily have overlooked the ruling of the Supreme Court in *Southern Railway Co.* v. *Dyson,* 109 *Ga.* 103 (34 S. E. 997), wherein it was held : " When the petition in an action against a railway company for damages alleged to have been sustained by the plaintiff's unlawful expulsion from a train insufficiently describes the ticket presented to the conductor as the evidence of the former's claim of a right to passage, it is erroneous to overrule a special demurrer properly pointing out the defectiveness of the petition in this respect. Fish and Lewis, JJ., dis-

senting." In that case, as shown by the opinion, the plaintiff had, by her petition, specifically planted her case upon the alleged contract of the carrier "evidenced by this very ticket," which she alleged she had purchased from an agent of the defendant company "for first-class passage to Atlanta, Ga., over defendant's line, paying therefor the sum of forty-seven cents." The opinion shows that the character of the ticket thus specifically forming the necessary basis of her complaint, and to which it was limited, was not otherwise indicated; and that, while the plaintiff alleged that "the conductor refused to recognize this ticket as valid and accept it for passage," the petition did not "contain any allegation that it was good for passage at the time when presented," and did not allege that "the price paid for the ticket was at the maximum rate allowed by law, or that it was unlimited as to time." It would thus seem that there is no conflict between the ruling made in that case and what was held in *Riley* v. *Wrightsville & Tennille R. Co.*, 133 *Ga.* 413, 420 (65 S. E. 890, 893, 24 L. R. A. (N. S.) 379, 18 Ann. Cas. 208), where Justice Lumpkin said: "We recognize the fact that one may become a passenger on a railroad without alleging specifically the details of purchasing his ticket, or even without a ticket; but in such event, he must rely on the facts appearing and the law applicable to them. If he wishes to rely on duties arising from a particular basal fact, he should allege it, and he should not do so ambiguously, when called on by special demurrer to make his allegations plain." In the *Dyson* case the plaintiff planted her case upon, and expressly limited her rights by, the contract "evidenced by this very ticket," relying "on duties arising from" this "particular basal fact," and consequently she should have set forth, when called upon, this, the basis of her claim, plainly and free from ambiguity. But where, as here, the plaintiff does not rely upon the repudiation of a designated contract, as the basis of her complaint, she is entitled to proceed for the homicide of an alleged passenger "without alleging specifically the details of purchasing" a ticket, or even whether a ticket had been purchased, but in such a case, she "must rely on the facts appearing and the law applicable to them." In the instant case the only supporting "basal" fact pertaining to the relationship of the deceased with the defendant consists in the allegation that the deceased was a passenger. It makes no difference how. The de-

fendant's obligation being the same, it does not matter in what way the alleged relationship; might be shown to have existed. If however, the plaintiff had restricted her claim by expressly basing the rights of the deceased as a passenger upon a specified contract for passage, and the gist of the complaint had consisted in the non-recognition of such expressly pleaded contract, the rule might well be different. In a case such as that it would be incumbent upon her to show expressly that the alleged contract, the repudiation of which furnishes the sole basis of her claim, was such as would in fact support it. But see *Macon, Dublin & Savannah R. Co.* v. *Moore,* 125 *Ga.* 810, 814 (3) (54 S. E. 700); *King* v. *Southern Ry. Co.,* 128 *Ga.* 285, 288 (2-4) (57 S. E. 507), in which latter case the soundness of the majority ruling in the *Dyson* case is expressly questioned. Thus, the case at bar is essentially different from the *Dyson* case. In the *Dyson* case the gist of the complaint consisted in the right of the plaintiff to ride by reason of the validity of the designated and expressly pleaded contract which the defendant is alleged to have in fact and in terms refused to recognize. The repudiation of the pleaded contract furnishes the sole gravamen of the suit. Here the gravamen of the suit does not consist in the validity of a pleaded contract which had already been actually and in terms repudiated, but consists in the homicide. In an action against a carrier of passengers, based on contract, the contract, being the gravamen of the case, should be fully and plainly set forth; but where the action is based on tort, and a contract is pleaded by way of inducement, it is not ordinarily required that it be set forth with the same degree of particularity, although the reason for so doing is manifestly much stronger where the tort consists, as in the *Dyson* case, in a wrong perpetrated in actually and expressly repudiating a particular contract which plaintiff had specifically set forth and upon the validity of which she had planted her case. But where, as here, the suit is not on contract, and the gravamen of the action in tort for a homicide does not consist in any actual and wrongful repudiation of an expressly pleaded contract, the plaintiff, while required to allege and prove the relationship of carrier and passenger, is not charged with the duty of "alleging specifically the details of purchasing a ticket," or even "whether a ticket had been purchased, but in such a case must rely on the facts appearing and the

law applicable to them." *Riley* v. *Wrightsville & Tennille R. Co.,* supra. Especially would' this be true where, as here,. the facts relating to how and in what manner the deceased became a passenger are not such as would lie peculiarly within the knowledge of the plaintiff. Whether or not the deceased had bought or had turned over a ticket is a matter concerning which the defendant is manifestly in much better position than the plaintiff to furnish proof; and while, as stated, it is incumbent upon the plaintiff to prove the relationship, it does not appear that she should be required, at her peril, to stand upon the contention that a ticket had been purchased, since under the Civil Code (1910), § 2715, "a carrier may demand prepayment of fare; but if, by its permission, persons enter its vehicle with the intention of being carried, an obligation to pay fare is implied on the part of the passenger, and the reciprocal liability of the carrier arises;" nor, on the other hand, should the plaintiff be precluded by a contrary allegation from proving such a purchase if she could. All of which brings us back to what was said in *Riley* v. *Wrightsville & Tennille R. Co.,* supra. In a suit for the homicide of an alleged passenger, so far as such relationship is concerned, the plaintiff "must rely upon the facts appearing and the law applicable to them."

The contentions referred to in the other grounds of the motion appear to have been fully passed upon in the original opinion.

*Motion for rehearing denied.*