12893.   WILSON *et al.* v. SMALL, administrator.

Under previous adjudications in this case on former writs of error, the exceptions now under review are not meritorious, and present no cause for a new trial. The evidence authorized the verdict.

DECIDED MAY 23, 1922.   REHEARING DENIED JUNE 14, 1922.

Trover; from city court of Macon — Judge Johnson presiding. August 10, 1921.

Application for certiorari was denied by the Supreme Court.

*Jones, Park & Johnston, Whipple & McKenzie,* for plaintiffs in error.

*Hall, Grice & Bloch,* contra.

JENKINS, P. J.   1. This is the third appearance here of this case. See *Small* v. *Wilson,* 20 *Ga. App.* 674 (93 S. E. 518); *Wilson* v. *Small,* 25 *Ga. App.* 19 (102 S. E. 370). On the last (the fourth) trial in the court below, a verdict was rendered for the plaintiff. Save as to some of the exceptions now taken by the defendant to the admission of testimony and to the charge of the court, the questions now presented appear to have been passed upon and fully determined by this court when the case was first reviewed on exceptions taken by the plaintiff to the award of a nonsuit. It was then held that the amendment to the petition setting forth the identity of the certificate of stock sued for, as finally changed

to " Certificate No. 172," was properly allowed. The defendant's objection that there had been no valid pledge of the certificate to the plaintiff was then ruled on; and the contentions that there had been no demand and conversion of the particular certificate sued for, and that trover could not lie against the defendant as the true owner of the certificate, were then dealt with. The rulings made when these questions were raised on the first appeal and this court held that the trial court erred in granting a nonsuit became the law of the case. Under the petition as amended and the law of the case as previously adjudicated, the evidence for the plaintiff on the last trial authorized the verdict rendered in his favor.

2. The exceptions taken to the admission of the plaintiff's testimony relative to the pledge of the stock-certificate, and to his evidence in explanation of the contents of his letter to defendant, on the ground that such testimony constituted mere expressions of opinion, are without merit, and are foreclosed by the former rulings of this court holding that this testimony of the plaintiff, relative to the pledge of the stock, proved his case as alleged, and that the plaintiff's testimony relative to and in explanation of the admission contained in his letter raised an issue for the jury.

3. The exceptions taken to the alleged inaccuracy of the charge in referring to the plaintiff's contention relative to the pledge of the stock, as having been made to secure a loan by the plaintiff to defendant in the sum of $6,250, whereas the contention was that the pledge was made to secure the defendant's interest in a loan of $12,500, made by the plaintiff as administrator, on a joint note signed both by him as an individual and by the defendant, do not show any such material misstatement of the plaintiff's contention as could confuse the jury to the injury of the defendant's rights. The real dispute was whether or not the defendant had agreed that the stock certificate should be sent to the plaintiff, and be held by him to secure the debt to him as administrator. That it was in fact sent to and received by him appears indisputably true. If it were possible for such an inaccuracy in the charge to militate against the rights of either party, it was the plaintiff, and not the defendant, who might theoretically have been prejudiced. Nor would this court feel justified in setting aside the verdict because the judge may in this connection have referred to the

certificate by its subsequent number, there being no possibility that the jury could have been misled as to the identity of the certificate representing the stock involved, despite the various changes made in its number pending the course of the transactions.

4. The judge charged the jury fully and fairly upon the burden of proof and the preponderance of evidence.

5. According to the plaintiff's contention, the certificate of stock sued for had been pledged to him as administrator to secure defendant's debt to him as such, and, after such pledge, the plaintiff had loaned the certificate back to the defendant to be used as collateral security for another debt owing by defendant to the Citizens National Bank, on which the former as an individual was indorser, but with the understanding that the certificate would be returned to the plaintiff as soon as the debt to this bank should be discharged; and that after this bank debt had been paid off and extinguished, the defendant, on demand, had refused to surrender back the certificate to the plaintiff. The defendant claims that the obligation due the Citizens National Bank had not terminated at the time the alleged demand for the certificate was made, and that consequently no wrongful act or conversion on his part has been shown. This contention is based on the theory that, since the defendant used the stock in obtaining a loan from another bank, with the proceeds of which the Citizens Bank debt was paid, such procedure amounted merely to a transfer of the claim with its security by the Citizens National Bank to the other bank. We decide, that, since the obligation to the Citizens National Bank was in fact fully paid off and extinguished, and since, according to the plaintiff's evidence, he did not consent that the certificate, which he had loaned for the purpose of being pledged at that bank, should be used in securing a new and distinct obligation to a new and different party, but since, according to his evidence, he demanded the return of the certificate after the purpose for which it was loaned had been served, to wit, the securing of the specific debt owing to the Citizens National Bank, on which he as an individual was indorser, this contention must be held to be without merit, and the trial judge did not err in so treating it. Indeed, this question too seems to have been adjudicated by the rulings made in the former decision, since it then appeared that the defendant had made use of the stock certificate in obtaining the loan from

the other bank with which to discharge the debt due at the Citizens National Bank, but, notwithstanding such fact, it was then held that the plaintiff's case had been proved as laid.

6. The remaining grounds of the motion for new trial are without merit, and are each controlled adversely to movant by the effect of the rulings made by this court in the former adjudications.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

### ON MOTION FOR REHEARING.

JENKINS, P. J. The 5th paragraph of the foregoing opinion holds (and holds it, furthermore, as the law of the case under the previous adjudication) that when the Wilson note to the Citizens National Bank, secured by the pledge of the loaned stock, was paid off and discharged, the transaction with reference to the loan of the stock became terminated, since the purpose of the loan became served; and that this was true even though Wilson may have made use of the stock to secure at a different bank another loan, from the proceeds of which the debt due the Citizens Bank was discharged. The 9th, 10th, and 17th grounds of the motion for a new trial raise the contention, insisted upon by the defendant at the trial, that, since the defendant had testified that the check drawn on the latter bank in favor of the Citizens Bank would not have been paid without the pledge to it of the stock held by the Citizens Bank, Wilson never had title to the stock, but it remained in the Citizens Bank until it passed to the latter bank as a part of one and the same transaction; and that consequently there was not, nor could there have been, a conversion of the stock by Wilson. Each of the three grounds of the motion referred to raises this question by excepting to certain excerpts from the charge, wherein the court charged adversely to this contention by telling the jury in effect that if they believed from the evidence that Wilson, after pledging the stock to Small to secure the debt due him as administrator, received it back as a loan in order to secure the Citizens Bank loan, but with the understanding that on payment of the loan the stock should be returned to Small in order to secure again the administrator's debt, " the fact, if it is a fact, that in order to pay the note at the Citizens National Bank the plaintiff used the shares of stock as collateral at another bank to raise money, would not be a defense to plaintiff's cause of action,

if you believe from the evidence that he has a cause of action." The view held and charged by the trial judge is, we think, in accordance with the law of the case as laid down by this court in its previous adjudications, and as set forth in the 5th paragraph of the foregoing syllabus.

The defendant, in his motion for a rehearing, contends, however, that the ruling contained in paragraph 5 of the syllabus fails to take into account the additional contention of the defendant, that the evidence raises an issue of fact as to whether or not, at the time the Citizens Bank debt was paid, Small had impliedly *consented* to the pledge of the stock at the Fourth National Bank. The defendant's pleading does not raise this special ground of defense. There was no request to charge on such a contention, nor is any exception taken to a failure to charge thereon; but the 9th ground of the amended motion for new trial does include an exception to the language of the charge just quoted, as having the effect of eliminating this contention. There is evidence by Wilson that at the time the payment to the Citizens Bank was made Small was present, and that Wilson expressed his intention thus to pledge the stock to the Fourth National Bank, and that "Mr. Small raised no objection." Small, on the other hand, denied any sort of consent to such a pledge of the stock, and testified that he then and there demanded its return to him. Wilson denied that such a demand was made. There was other testimony corroborating Small, that he then and there made the demand. Defendant contends that if Small thus impliedly *consented* to such new and additional pledge of the borrowed stock to the Fourth National Bank, there was and could be no conversion. There being no exception taken to a failure to charge, the only question is, does the language quoted from the excerpt complained of in the 9th ground of the motion *exclude* the consideration by the jury of this defense. The judge, at the time the excerpt quoted from the charge was given, was not directing his attention to the question whether or not the additional pledge was made with the plaintiff's consent, but was manifestly dealing with the other and different contention of the defendant which has already been discussed. The charge was not inherently wrong, and it has been often held that "A charge embracing an abstractly correct and pertinent principle of law is not rendered erroneous by a failure to charge some other legal principle

applicable to the case." *Smith* v. *Brinson,* 145 *Ga.* 406, 407 (2) (89 S. E. 363) ; *Bell v. State,* 126 *Ga.* 568 (55 S. E. 476) ; *Atlanta & West Point R. Co.* v. *Miller,* 23 *Ga. App.* 347 (3), 350 (98 S. E. 248). Every subject-matter, every matter of defense, cannot be treated in one and the same sentence and at one and the same time; and it does not appear that the jury could have understood the court, in thus dealing with one specific ground of defense, to have intended thereby to exclude the other and totally independent theory. But even " though a particular instruction taken alone may be open to the criticism that it required a given qualification, yet where it plainly appears that elsewhere in the charge this very qualification of the doctrine laid down in such instruction was so distinctly and clearly stated as that the jury were not misled as to the true law, the giving of the instruction will not require the granting of a new trial." *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152 (2) (38 S. E. 389). The excerpt from the charge excepted to in ground 17 of the motion is as follows: " The court also charges you that if you believe from the evidence that there was an agreement between Small and Wilson by the terms of which Wilson agreed to collateralize the Hanson note, and Wilson did collateralize the Hanson note by placing certain shares of Georgia Casualty Company stock behind it, and if you believe from the evidence that Small agreed to let Wilson have the stock behind the Hanson note, if you believe the stock was behind the Hanson note, to place behind the note of Wilson's at the Citizens National Bank, to be returned to Small after that note was paid, and that after Wilson paid his note at the Citizens National Bank he transferred the shares of stock evidenced by certificate No. 172 to the Fourth National Bank *without Small's authority and consent,* that this transfer amounted in law to a conversion and can be under the law no defense to this suit." Movant's contention is that there could be no conversion if the subsequent pledge of the stock was consented to; and here it will be observed that the court, when charging upon this particular subject (that is, on what would amount to a conversion), specifically and plainly instructed the jury that the repledge of the stock would amount to a conversion if done " without Small's authority and consent." It will be recalled that, at the time the Citizens Bank debt was paid, Wilson, Small, and others were present. There was a sharp conflict in the

evidence as to whether Small then and there made a demand that the stock be returned to him. Small swore that he did, and was corroborated by other testimony. Wilson denied such a demand. If, as Small contends, he then and there made a demand for the stock, he could not have then and there consented to its use by Wilson at the other bank. The court, in charging on the contention of Wilson, used the following language: "He further contends that when this loan became due at the Citizens National Bank, he borrowed from another bank the money with which to pay the loan at the Citizens National Bank, and used this stock to collateralize the new loan, and that plaintiff knew this at the time, and that plaintiff never made any demand on him for the stock." The judge subsequently charged the jury that it was incumbent upon the plaintiff to show " demand of the defendant by the plaintiff for its return and defendant's refusal to return said stock." There is no evidence of any sort of demand save the alleged demand made at the time the Citizens Bank was paid, and this was when the defendant contends the plaintiff impliedly acquiesced in the transfer. Under the charge of the court the jury could not, therefore, have possibly found in favor of the plaintiff without accepting his evidence as to the demand made for the stock, and rejecting the defendant's contrary contention as to his consent to its transfer. It is our opinion that the quoted excerpt from the charge, taken from ground 9 of the motion for new trial, presents within itself a correct proposition of law, and was not calculated to mislead the jury with reference to the other and different contention, about which the motion for rehearing is concerned; but that, even though the excerpt might be taken as subject to criticism,— not as being erroneous within itself, but as failing to properly guard and qualify the statement with reference to the other and different contention,— such failure would not authorize setting the verdict and judgment aside, since it appears that. elsewhere in the charge, and in an appropriate connection, the qualification referred to was clearly and distinctly stated; and since, too, under still other portions of the charge the jury must necessarily have passed upon the disputed issue involved in the motion in order to have found for the plaintiff. *Motion denied*