## 17265.   SCARBOROUGH *et al.* v. WALTON.

1. The court, in charging the jury upon the subject of comparative negligence, instructed them that under certain conditions the plaintiff would be entitled to recover, but that the recovery *should* be reduced in proportion to the amount of the negligence attributable to him. *Held:* This charge, in using the word "should" instead of "shall," did not insufficiently present to the jury the imperative requirement of the code in reference to the plaintiff's diminution of the damage in a case involving the law of comparative negligence.

2. After all other instructions to the jury had been concluded, the court, as to one of the defendants, charged the jury that if they should find

Appeal and Error, 4 C. J. p. 772, n. 82.
Negligence, 29 Cyc. p. 657, n. 54.
Shall, 35 Cyc. p. 1451, n. 86, 87, 88.
Should, 36 Cyc. p. 434, n. 78.
Trial, 38 Cyc. p. 1779, n. 75, 76.

that the defendant did a certain act in driving the automobile at the time and place in question, and should further find that this act was negligent, "then the plaintiff would be entitled to recover from the defendant, under the rules of law as otherwise given you in charge." *Held:* This excerpt, when considered in connection with the other instructions given, was not calculated to mislead the jury, and, hence, was not cause for a new trial. See *City of Augusta* v. *Tharpe*, 113 *Ga.* 152 (2) (38 S. E. 389); *Payne* v. *Allen*, 28 *Ga. App.* 8 (5 *a*) (110 S. E. 345).

3. Under the act of October 14, 1891 (Ga. L., 1890-91, p. 78; Civil Code of 1910, § 5879), in the trial of all civil cases any party may call an opposite party to the witness stand and cross-examine him, as though the witness had testified in his own behalf and was being cross-examined, and may do so without entitling counsel for any opposite party or parties, as a matter of absolute right, to cross-examine the witness.

(*a*) The court did not err in overruling the defendant's motion for a new trial.

DECIDED FEBRUARY 14, 1927.

Damages; from city court of Macon—Judge Hall. February 20, 1926.

*Brock, Sparks & Russell,* for plaintiff in error.

*Robert W. Barnes, Ryals, Anderson & Anderson,* contra.

BELL, J. Walton, while riding a motorcycle, was struck and injured by an automobile driven by Scarborough, at an intersection of streets in the city of Macon. The automobile was the property of Scarborough's wife, who was riding with him at the time. Walton brought suit for damages against both Mr. and Mrs. Scarborough, and recovered, and the defendants have excepted to the overruling of their motion for a new trial. Counsel for the plaintiffs in error, in their brief, do not insist upon the general grounds of the motion, nor upon any of the special grounds except the 2d, 3d, and 4th.

1. In the 2d special ground the defendants excepted to the charge of the court upon the subject of comparative negligence, in which the jury were told that if the alleged injury was the fault of both the plaintiff and the defendants, but that if the plaintiff could not have avoided the injury by the exercise of ordinary care and diligence, then, notwithstanding the plaintiff may have been to some extent at fault, he would be entitled to recover, but the amount of the verdict in his favor "should be diminished in proportion to the amount of fault attributable" to him. The complaint is that this charge merely authorized the jury to reduce the damages without requiring them to do so, and that the instruction

which the court should have given was that under the conditions named the jury *shall* diminish the damages in proportion to the negligence of the plaintiff. The word "should" as used in the court's charge implied duty or obligation, and, with its context, meant that it was the duty of the jury to reduce the damages in the proportion stated, and not merely that the jury were authorized or had a discretion to do so. It is not to be assumed that the jurors will violate a duty which the court has made known to them. There is no merit in this ground of the motion for a new trial. This ruling is not in conflict with the decision of this court in *Lamb* v. *McAfee,* 18 *Ga. App.* 584 (3) (90 S. E. 103). We were dealing in that case with an entirely different question. See, in this connection, *Augusta-Aiken Ry. &c. Corp.* v. *Collins,* 18 *Ga. App.* 303 (1) (89 S. E. 444) ; *Atlanta, Knoxville &c. Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (5) (49 S. E. 818) ; 35 Cyc. 1451, on "Shall"; 36 Cyc. 434, on "Should," and Webster's International Dictionary.

2. Special ground 3 of the motion for new trial complains that the court erred in charging that if the jury should find that the defendant, Mr. Scarborough, did a certain act in driving the automobile at the time and place in question, and should further find that this act was negligent, "then the plaintiff would be entitled to recover from the defendant, under the rules of law as otherwise given you in charge." The exceptions to this charge are that it in effect instructed the jury that the plaintiff himself was not guilty of such negligence as would bar a recovery, and that if the defendant Scarborough was negligent in the manner stated, his negligence, and not that of the plaintiff, was the proximate cause of the injury, when such question of proximate cause was, under the evidence, exclusively for determination by the jury; that the excerpt came after all other instructions had been given, and amounted to a charge that all of the preceding instructions were such as to entitle the plaintiff to recover, provided the jury should believe that the defendant Scarborough was negligent in the manner set forth in the excerpt complained of, and was especially harmful in that it was the last thing said by the court to the jury, following even the instructions as to the form of verdict, and was argumentative, in that it summed up particular facts and conditions which would entitle the plaintiff to recover, without in like

manner summing up the particular facts and conditions under which a verdict would be required in favor of the defendants.

It is true that the excerpt complained of succeeded all other instructions to the jury, even those in regard to the form of verdict, being the last thing said by the court to them before they retired to enter upon their deliberation. It was given in order to submit a contention of the plaintiff which had been made by an amendment to the petition, and which apparently the judge had overlooked until he was about ready to send the jury to their room. A determination of whether this part of the charge, in view of the language used and in view also of the time and circumstances under which it was given, constituted reversible error will depend upon the nature and character of the other instructions referred to therein. The court had charged the jury that the plaintiff contended in his petition that the defendants were negligent and that he, the plaintiff, was without fault, and that before the plaintiff would be entitled to recover it would be necessary for him to sustain the contentions set out in his petition, by a preponderance of the evidence; also that if the plaintiff did not use ordinary care and diligence, he would not be entitled to a verdict; also that if the plaintiff and the defendants exercised all ordinary care and diligence, the plaintiff would not be entitled to recover, but that the law would attribute the injury to accident; also that the plaintiff could not recover if he was guilty of negligence contributing to the injury, unless the negligence of the defendants preponderated in causing it. In the general charge the contentions of both parties were fully and fairly stated. In *City Council of Augusta* v. *Tharpe,* supra, the judge instructed the jury that if the plaintiff was a traveler upon the streets of Augusta, and, while there, was injured by an obstruction, and if under the evidence it was negligence on the part of the city to permit it to be there, the jury should return a verdict in favor of the plaintiff. The city, after a verdict in favor of the plaintiff, assigned error on this charge, complaining that it should have been accompanied with a further charge that the plaintiff would be defeated if it appeared that he could have avoided the injury by the use of ordinary care, and that the court should have stated that it was necessary for the city to know either actually or presumptively of the existence of the obstruction before it would be liable. The attack upon this

charge was disposed of by the Supreme Court in its opinion briefly as follows: "While as a proposition of law the charge, to be entirely sound, needed to be qualified, we find that in his general charge the judge fully instructed the jury on the law applicable to the legal propositions which it is contended he should have incorporated in the particular part of the charge on which error is assigned; and therefore the objection made ·can not be sustained." The headnote on this point was as follows: "Though a particular instruction taken alone may be open to the criticism that it required a given qualification, yet where it plainly appears that elsewhere in the charge this very qualification of the doctrine laid down in such instruction was so distinctly and clearly stated as that the jury were not misled as to the true law, the giving of the instruction will not require the granting of a new trial." The excerpt complained of in the present case was not an erroneous instruction tending to mislead the jury as to the law on a material issue in the case and thus constituting reversible error in the absence of an express retraction or correction, but was a charge incomplete within itself, though referring to other portions of the charge as its complement, and, when considered in connection with all other instructions, was not calculated to give the jury an erroneous impression as to the law which should govern their deliberations, and, hence, was not cause for a new trial. See further, in this connection, *Payne* v. *Allen,* 28 *Ga. App.* 8 (5 a) (110 S. E. 345); *Kirkland* v. *Brewton,* 32 *Ga. App.* 128 (6) (122 S. E. 814); *Wilson* v. *Small,* 28 *Ga. App.* 587 (113 S. E. 238); *Davis* v. *Whitcomb,* 30 *Ga. App.* 497 (118 S. E. 488); *McCommons-Thompson-Boswell Co.* v. *White,* 33 *Ga. App.* 20 (125 S. E. 76); *W. & A. R. Co.* v. *Reed,* 35 *Ga. App.* 538 (6) (134 S. E. 134; *Central of Ga. Ry. Co.* v. *Neighbors,* 83 *Ga.* 444 (1) (10 S. E. 115).

3. The plaintiff called the defendant Scarborough to the witness stand and cross-examined him as permitted by the provisions of the Civil Code (1910), § 5879. Before this defendant had left the stand, counsel for the defendants claimed the right to cross-examine him in behalf of each defendant, and moved the court to be allowed to do so. The court refused the motion, and the defendants have made this ruling a ground of their motion for a new trial. The exact question appears never to have been passed upon in any of the reported decisions, although a similar question

was decided in *Lauchheimer* v. *Jacobs,* 126 *Ga.* 261 (2) (55 S. E. 55). The part of the statute which gave the right here exercised by the plaintiff was codified from the act of August 14, 1891 (Ga. L. 1890-91, p. 78). We think it was the purpose of this act to confer the right therein mentioned without condition or incumbrance. The plaintiff did not make the defendant Scarborough the plaintiff's witness by calling him to the stand and cross-examining him. It is our opinion that the plaintiff was exercising a pure and absolute right under the statute, one not to be burdened with the right of either of the defendants to cross-examine the witness when the plaintiff was through, and that to have ruled in favor of the contentions of the defendants would have had the effect of attaching an unauthorized incumbrance or burden on the right given to the plaintiff under the statute. However, assuming, without deciding, that the court might, in the exercise of its general discretion, have allowed the cross-examination, there was no abuse of discretion in refusing it. It is unnecessary to rule more in this case, and we limit our ruling accordingly. The court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*