19312. HILSMAN v. SMITH.

DECIDED JANUARY 16, 1929.

*Milner & Farkas*, for plaintiff.

*Pottle & Hofmayer, Howell Cobb*, for defendant.

Luke, J. Counsel for both sides, evidently having in mind the issues on the trial, argue in their briefs as to whether or not a husband is liable for the torts committed by his wife while driving an automobile. The record before us, though referring to "the car," does not show whether the wife was driving the car for her own pleasure and convenience, or on her own business, or with or without her husband, or as agent of her husband, or by his direction, or that she was driving a car at all, or that she had an accident of any kind, or that she injured the plaintiff or any one else. We are not called upon by the assignment of error in the bill of exceptions to decide any question of liability. The record before us shows that the case in the trial court was "an action for damages," but does not show from what the action arose.

The bill of exceptions sets out certain evidence of the defendant, Smith (called as a witness by the plaintiff), as to the ownership of "the car;" and further sets out that the court directed a verdict for the defendant; that the plaintiff assigns error on this direction of a verdict, because "under the facts testified to by Mr. Smith it was a question for the jury to say whether the car belonged to defendant or his wife;" that "Plaintiff states that none of the record is necessary to a clear understanding of the errors complained of, because the record has been reduced by agreement to one question as to whether, under the testimony of Mr. Smith, the court was

correct in directing a verdict." The trial judge certifies "that the foregoing bill of exceptions is true and contains all the evidence and specifies all the record necessary to a clear understanding of the errors complained of."

Thus it will be seen that we are only called upon to decide whether the evidence relating to the ownership of a car, as set out in the bill of exceptions, was sufficient to raise an issue of fact for submission to the jury. We think it was. While the defendant testified that the car belonged to his wife, he testified also, that *he* had paid for the car with a draft on the Blakely Hardwood Lumber Co., and it was charged to *his* account; that *he* gave the car in for taxes in *his own name;* that *he* kept the car at *his* home and used it when he wished; that since the accident *he* has traded in the car and was allowed $250 in the trade; and that he gave *his* notes for the balance due on the new car received in the trade.

There was sufficient evidence to raise an issue of fact as to the ownership of the car, and the court erred in directing a verdict for the defendant. See, in this connection, *Scarborough* v. *Walton,* 36 *Ga. App.* 428 (3) (136 S. E. 830).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*