41764. A.A.A. PARKING, INC. v. BIGGER.

BELL, Presiding Judge. 1. This case involves a factual situation similar to that in *A.A.A. Parking, Inc. v. Bigger*, ante, and is between the same plaintiff and the same defendant but involves a different automobile. The original petition alleged demand for the return of the bailed property and the bailee's refusal to redeliver. While this allegation of a breach of duty was in terms appropriate to an action ex delicto, in trover, it was appropriate also to an action ex contractu. Other allegations of the petition did not reveal whether the plaintiff intended to proceed in contract or in tort. The defective petition was susceptible of being construed as proceeding under either theory and was therefore ambiguous. Under these circumstances it was the right of plaintiff, at his own option, to treat his action as one arising from contract or as one sounding in tort and to amend so as to show clearly whether he was suing for a tort or for a breach of contract. *King v. Southern R. Co.*, 128 Ga. 285, 288 (57 SE 507); *Citizens & Southern Bank v. Union Warehouse &c. Co.*, 157 Ga. 434, 455 (122 SE 327); *Jenkins v. Seaboard A. L. R.*, 3 Ga. App. 381, 384 (59 SE 1120); *Raines v. Rice*, 65 Ga. App. 68, 73 (15 SE2d 246). The trial court did not err in allowing the amendment.

2. Decision upon defendant's general demurrer to the amended petition is controlled by *A.A.A. Parking, Inc. v. Bigger*, ante. The trial court did not err in overruling the general demurrer.

3. The trial court did not err in overruling defendant's special demurrers.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

ARGUED JANUARY 11, 1966—DECIDED APRIL 20, 1966—
REHEARING DENIED MAY 3, 1966—

*Charles W. Bergman,* for appellant.
*Henning & Martin,* for appellee.