### 7380.   LAMB, receiver, *v.* McAFEE.

HODGES, J.   1.   In a suit by a passenger for injuries from an assault and battery alleged to have been committed upon her by a railroad porter, a witness for the defendant testified that the plaintiff complained to him only as to the porter's conduct,—that she said he had cursed her; and immediately thereafter and in connection with this statement the witness testified, "And I knew that wasn't so, because I never heard the negro use—." The latter statement was excluded by the court, on objection of counsel for the plaintiff; and it was contended by the defendant that this ruling was prejudicial to the defendant "because the character of the suit and the testimony of the plaintiff made out a case involving the character of [the employee] for courtesy and politeness," and because this ruling deprived the defendant of the right to prove to the jury the character of the employee whose conduct was under investigation. *Held:* The exclusion of this testimony was not error. Even if the character of the porter for courtesy and politeness was admissible in evidence, this testimony in no way tended to show his general character in that respect.

2. Error is assigned upon the following excerpt from the charge of the court: "She alleges further, that the striking of her in the side with this trunk resulted in shocking, bruising, paining, and injuring her, and that her pain and suffering from this injury continued for thirty days after she was thus struck and assaulted, and that she has endured pain and suffering from said injury at intervals up to this time." It is contended that this was an expression of an opinion on the part of the court that the plaintiff was struck, and that she suffered on account of the injury complained of. Other exceptions akin to the above are set forth. There is no merit in these exceptions. The language complained of was simply a recital of allegations of the plaintiff, and the jury could not have understood from it that the court was doing more than stating the plaintiff's contentions. What is here said applies to the exception taken as to the following excerpts from the charge: "She alleges that at that time she was capable of earning $10 a day, and that she was rendered unable to work at all on account of this injury from the 22d day of August to the 5th day of September, 1914." "She alleges further that on account of this injury it was necessary for her to em-

ploy a physician and at an expense of $18.65; she says further that this injury or tort was committed under aggravated circumstances both in the act and intention, and she claims the right to collect damages to compensate her for her physical injury as well as for wounded feelings."

3. The judge charged the jury as follows: "If both parties were negligent—at fault, and contributing to the injury, but the plaintiff could not by the use of ordinary care have avoided the injury, then the plaintiff would be entitled to recover, but the amount of recovery should be reduced in proportion to which the negligence on her part bears to all the negligence on both sides, causing or contributing to the injury." This instruction was error. Section 2781 of the Civil Code provides: "No person shall recover damage from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him." This code section means that where both parties are at fault, and the alleged injury is the fault of both, and if the jury should find from the evidence that the plaintiff, by the exercise of ordinary care and diligence, could not have avoided the alleged injury caused or. occasioned by the defendant's negligence, then, though the plaintiff may have been to some extent negligent, the plaintiff would be entitled to damages, but the amount shall be diminished by the jury in proportion to the amount of fault attributable to the plaintiff; but the plaintiff can not recover if guilty of negligence contributing to the injury, unless it is made to appear that the negligence of the defendant preponderated in causing the injury. The court should have instructed the jury that if they believed from the evidence that the defendant was negligent, and further believed that the plaintiff was somewhat at fault, but in a less degree than the defendant, the plaintiff could recover, unless it appeared that the injury was caused by her own negligence, amounting to a failure to exercise ordinary care, or that by the exercise of ordinary care the plaintiff could have avoided the consequences of the defendant's negligence; and that the amount of the recovery must be diminished in proportion to the amount of fault attributable to the plaintiff.                                                    *Judgment reversed.*

DECIDED SEPTEMBER 21, 1916.

Action for damages; from city court of Oglethorpe—Judge Greer. March 16, 1916.

*Brandon & Hynds, Crum & Jones, John B. Guerry,* for plaintiff in error. *D. L. Parmer, Jule Felton,* contra.