8573.  JOSEY *v.* THE STATE.
</div>

GEORGE, J. 1. On the trial of the accused indicted for using opprobrious words to another, tending to cause a breach of the peace, the court did not err in refusing to allow a witness to testify that "Will Josey [the accused] does not use profanity, and he is generally respectful to white people," in response to the question, "Do you know his general reputation for profanity and being respectful towards white people?" Character evidence is limited to general character and to the particular attribute of character involved in the case. It is essential that the particular attribute of character be general in its existence, and existing uniformly towards all persons, and likely to indicate the probable conduct and demeanor of the accused towards all persons and in all circumstances. The expected answer was objectionable because it did not go to the general character or reputation of the accused, but stated, as matter of fact, that the accused did not use profanity, and that he was generally respectful towards white people. Compare *Lamb* v. *McAfee,* 18 *Ga. App.* 584 (90 S. E. 103) ; *Taylor* v. *State,* 17 *Ga. App.* 787 (88 S. E. 696).

2. The court did not err in charging the jury as follows: "The presumption of innocence which the law indulges in his favor requires that his guilt be established by evidence which satisfies you of his guilt to a moral and reasonable certainty and beyond a reasonable doubt." The use of the word "indulges," the whole charge being considered, did not, by possibility, harm the accused.

3. The court did not err in the following charge to the jury: "On the

other hand, if you find that he used the words charged in the bill of indictment, or substantially as charged, without provocation, and that this language was used to and of the prosecutor, in his presence, and calculated to cause a breach of the peace, or tending to cause a breach of the peace, . . it would be your duty to find the defendant guilty." The complaint is that the court should not have used the word "calculated." By reference to the excerpt from the charge, it will be seen that the court treated the word "calculated". as synonymous with the word "tending." In construing the code-section under which the accused was indicted, the Supreme Court, in *Dyer* v. *State*, 99 *Ga.* 21 (25 S. E. 609, 59 Am. St. R. 228), said: "The gist of the offense is the use of language to or of another, in his presence, which is calculated to cause a breach of the peace."

4. The further assignments of error are without merit. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial. Compare *Taylor* v. *State*, 17 *Ga. App.* 787, 793 (88 S. E. 696), and cases there cited.

*Judgment affirmed.* *Wade,* *C. J., and Luke, J., concur.*

DECIDED MAY 11, 1917. REHEARING DENIED JUNE 13, 1917.

Indictment for misdemeanor; from Bibb superior court—Judge Highsmith presiding. February 22, 1917.

*Martin & Martin,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.