## STATE v. WALTER BUTLER.

### (Filed 15 April, 1919.)

**Intoxicating Liquors—Evidence—Character—Voluntary Answer of Witness.
—Sentences.**

Where the character of the defendant, on trial for violating the statute
against the sale of spirituous liquor, is in evidence a witness, who has
testified that he knows the general character of the defendant, may volun-
tarily and in order to speak the truth testify in answer to a proper ques-
tion that the defendant's character for selling whiskey is bad. The pro-
priety of a road sentence for the violation of our prohibition statutes, in-
stead of the State's sharing in the illegal profit by the imposition of a fine,
discussed by CLARK, C. J.

APPEAL by defendant from *Shaw, J.,* at December Term, 1919, of
GUILFORD.

Indictment for selling spirituous liquor. The defendant was found
guilty and sentenced to eight months on the public roads, and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for
the State.*
*W. P. Bynum and R. C. Strudwick for defendant.*

CLARK, C. J. The defendant introduced evidence to show his good
character. The chief of police of Greensboro, Horace Foushee, witness
for the State, was asked if he knew the general character of Walter
Butler, and replied that he did. He was then asked, "What is it?"
The witness replied, "It is bad for selling whiskey." The defendant's
counsel objected to the answer and moved that it be stricken out as in-
competent, and not responsive to the question. This the court declined
to do, and the defendant excepted.

This is the only question presented by the appeal. The witness doubt-
less could not answer broadly that the defendant's character was bad.
He was on oath and it was competent for him to state of his own motion,
as he did, "It is bad for selling whiskey." He doubtless gave the only
answer that his conscience permitted. The State could not ask whether
it was bad or good for a particular offense, but the witness in the interest
of truth could qualify his answer as he did. The witness could not say
that the defendant's character was good. Doubtless he could not say it
was bad, altogether. He therefore gave the only answer that he could.
In the interest of the administration of justice and in the investigation
of the ·truth of the charge before the court the answer could not be
stricken out. The jury were entitled to the information.

STATE *v.* BUTLER.

This is plain, practical, common sense and it has been held too often to be questioned. In *S. v. Summers,* 173 N. C., 780, *Hoke, J.,* for the Court, said: "Objection is also made that the court refused to strike out the answer of certain other witnesses as to character, Dr. John R. Erwin and others, who, after saying they knew the character of defendant, qualified their further answer by saying in what respect it was bad. It is the accepted rule that a witness may do this of his own volition, and these exceptions also must be disallowed. *Edwards v. Price,* 162 N. C., 243; *S. v. Hairston,* 121 N. C., 579-582." In *S. v. Cathey,* 170 N. C., 794, the sheriff, in answer to the same question as to the general reputation of the defendant, replied, "It is bad for dealing in liquor." It was held by *Allen, J.,* that there was no error.

The State did not introduce evidence of particular acts of misconduct and asked only as to the defendant's general character. It was open to the witness, having stated that he knew the defendant's general character, to qualify and explain his answer as to what it was by saying it was bad for selling liquor.

The ruling of the judge is so well sustained upon reason and the authorities that doubtless the real ground of the appeal was objection to undergoing the sentence upon the public roads for eight months. The violation of the law in selling intoxicating liquors is deliberate, not impulsive, as is the case in regard to many offenses, and the motive is the large profits accruing from the contemptuous violation of the law. The imposition of fines in such cases in practice amounts to granting license by the courts upon payment by the culprit of a very small part of the illegal profits obtained. The law authorized the sentence imposed of imprisonment with leave to work upon the public roads.

Certainly the taking back by the State of a part of the profits made by violation of its laws can never repress the evil which is the object of the trial and punishment. In fact it puts the State in the more than questionable attitude of sharing with the criminal the profits derived from the deliberate violation of its own laws, and it is thus in effect a partner suing for a share in the proceeds of the illegal business. The fines imposed always give the State a very minor share in the illicit receipts. This is not the object to be sought by the courts. Such sentences should be imposed as will prevent the repetition of the offense by the defendant and all others offending in like manner.

No error.