### 11522.　LAMB, receiver, *v.* McAFEE.

BLOODWORTH, J.　1. This was a suit by a woman to recover the value of her lost time, and for the pain and suffering she endured, following an alleged tort committed by an employee of the railroad. One ground of the motion for a new trial is that "the court erred in sustaining an objection made by the plaintiff's counsel to the following question, viz.: 'How long have you been married,' propounded by movant's counsel on cross-examination of plaintiff." There is no merit in this ground of the motion, especially in view of the qualifying note of the trial judge, that "there had not been and never was any intimation in the pleadings, evidence, or statements or contentions of counsel as to any contest of her right to recover for certain elements of damage on account of being a married woman."

2. Even if it were error to admit in evidence the letter of the plaintiff to the superintendent of the railroad of the defendant, it was not such material error as would authorize the court to grant a new trial, as evidence of the plaintiff, admitted without objection, covered all the material matters referred to in this letter. See, in this connection, *Copeland* v. *Ruff,* 20 *Ga. App.* 218(1), and cit.

3. In the excerpt from the charge of the court of which complaint is made in the 8th ground of the motion for a new trial, there is no expression or intimation of opinion by the judge "as to what has or has not been

proved." "Whether a judge, by language used in his charge to the jury, violates the provisions of the code by intimating or expressing an opinion as to what has been proved, will be determined in the light of the entire context. *Morse* v. *State*, 10 *Ga. App.* 61(2) (72 S. E. 534). See also *Everett* v. *State*, 62 *Ga.* 65(5); *Nutzel* v. *State*, 60 *Ga.* 264(2)." *Weldon* v. *State*, 21 *Ga. App.* 330(1g) (94 S. E. 326).

4. The excerpts from the charge of which complaint is made in grounds 9, 10, and 11 are not erroneous for any reason assigned. See *Lamb* v. *McAfee*, 18 *Ga. App.* 584 (90 S. E. 103).

5. The evidence authorized the verdict, which was approved by the trial court, and the judgement is

*Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 11, 1920.

Action for damages; from city court of Oglethorpe — Judge Greer. March 16, 1920.

A former decision in this case appears in 18 *Ga. App.* 584.

The plaintiff's letter to the defendant's superintendent, referred to in paragraph 2 of the decision, which was offered in behalf of the plaintiff and was admitted in evidence over the objection that it was a self-serving declaration, states that the writer files " claim for damage done on account of cruel treatment received from one of your employees to-day while awaiting at your station here as a passenger," and states the conduct complained of, as to which she testified on the trial.

Ground 8 of the motion for a new trial, to which paragraph 3 of the decision refers, gives an extract from the charge to the jury, in which, among other things, the court said: "She alleges that as a result of the injuries she has undergone pain and suffering. You are to take the testimony on that question; take it all and consider what amount, if any, she is entitled to recover for her pain and suffering." The movant complains that this last sentence " amounted to and was an expression of opinion that the plaintiff had made out a case of pain and suffering on the evidence."

Grounds 9 and 10 of the motion for a new trial relate to instructions as to negligence, including the definitions of ordinary and extraordinary diligence and ordinary and slight neglect as contained in the Civil Code (1910), §§ 3471, 3472; the movant contending that these instructions were erroneous and prejudicial because the suit was not based on negligence, but was based upon alleged intentional and wilful assault and battery, cursing, and abuse by movant's employee. In ground 11 it is complained that

the court charged: " In every tort there may be aggravating cir-cumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff." (Civil Code, § 4503.) It is alleged that this instruction was erroneous " for the reason there was no evidence in the case to authorize such charge."

*Brandon & Hynds, John B. Guerry, Crum & Jones,* for plaintiff in error.

*D. L. Parmer, Jule Felton,* contra.