JOHN HUGH MURPHY AND EUNIC ST. CLAIR MURPHY v. MRS. FRANK
REED ET AL.

(Filed 24 December, 1920.)

**Wills—Trusts—Powers of Sale—Deeds and Conveyances—Executors and Administrators — Qualifications —Pleadings —Dismissal of Action — Motions.**

> It appeared in the allegations of the complaint that a testatrix devised her land in trust to the same person whom she named as executor under her will, giving the one so nominated the power to sell or dispose of her property in furtherance of certain trust powers declared. The will was duly probated and recorded, but the person so named not having formally qualified as executor, performed his duties as trustee in a manner free from criticism, and accordingly made conveyance of parts of the land to the defendants, the plaintiffs claiming this land as the heirs at law of the testatrix on the ground that the trustee, not having qualified under. the will as executor, was without power or authority to act as trustee : *Held,* it was not essential that the person named as executor and trustee should have qualified as executor in order to perform the duties required of him as trustee, and upon the allegations of the complaint, the action was properly dismissed.

CIVIL ACTION or proceedings, heard on the pleadings on motion by defendant to dismiss, before *Webb, J.,* at June Term, 1920 of BUNCOMBE.

The preliminary records and entries were not presented, there being formal admission made that the court had properly acquired jurisdiction of the cause and the parties. On consideration of the pleadings and the facts admitted therein, the court entered judgment dismisssing the cause and plaintiffs excepted and appealed.

*Wells & Swain for plaintiffs.*
*Locke Craig and Marcus Erwin for defendants.*

HOKE, J.   Plaintiffs, the children and heirs at law of Hugh Murphy, deceased, and grandchildren of Clara Patton Murphy, also deceased, have instituted this action against the defendants, alleging in effect that as heirs at law and potential beneficiaries under the will of Clara Patton Murphy they are owners of one undivided sixth of the lands of the testatrix devised by her will, and are entitled to be declared as owners of said interest and to an accounting against defendants, who are children of said testatrix, and are, and have been for many years, in possession of said lands, claiming the sole ownership of the same under the will of their mother, and further disposition of said lands purporting to be under the provisions of said will.   The will duly proven and recorded in Buncombe County at the instance of Thomas Patton the executor and trustee named therein, is set forth in the complaint as follows:

"First:   I nominate and appoint my cousin, Thomas W. Patton, sole executor of this my last will and testament.

"Second:   For purposes hereinafter set forth and in solemn trust for that purpose, I give, devise and bequeath to my executor, Thomas W. Patton, all of my property, real and personal or mixed, of every kind and description, wherever situated, and I do herein confer upon my said executor, Thomas W. Patton, full authority to mortgage, sell or otherwise dispose of any part or parts of all of said property and at any time or times, and if sold, either by public or private sale, as to him, in the exercise of his full discretion may appear best calculated to promote the interest of all concerned.

"Third:   I declare the following to be my purpose and object in making this, my last will and testament, and impose the execution and performance of each of said objects in its order, upon my said executor, so far as my estate shall enable him to comply therewith:

"A.   All my just debts shall be paid.

"B.   I instruct my executor that so far as he may be able to do so, with the residue of my estate, after paying my debts he shall provide a comfortable support for my husband, John H. Murphy, and for my two daughters, Lucille and Mary, during the natural life of my said husband, and it is my wish that these three persons shall live together so long as my husband shall live.

"C.   After the death of my said husband, I desire that whatever portion of my estate may then remain unexpended shall as soon as possible be turned into money and divided and paid over as follows:   One-third thereof to my daughter, Lucille, one-third to my daughter, Mary, and

40—180

remaining one-third in equal portions, share and share alike, to my five grandchildren, three of whom are the children of my daughter, Lulu McDowell, deceased, and two are the children of my son, Hugh Murphy, deceased."

It further sufficiently appears from the complaint that the said Thomas W. Patton, having, as stated, caused said will to be duly proven and recorded in Buncombe County without taking out letters of administration or further qualifying as executor, entered upon his duties as trustee in the management, control and ownership of the real estate and under deeds from him and pursuant to encumbrances placed thereon by him in carrying out his duties as trustee in providing a support for the two daughters and surviving husband of the testatrix, the defendants have acquired title to the property and are in possession, asserting ownership under said deeds, etc. It is not alleged in the pleadings that Thomas W. Patton, in thus providing a support for the surviving husband and the two daughters, undoubtedly the primary object of the testatrix's bounty, was unfaithful or even that he acted unwisely in the exercise of the duties committed to him "in solemn trust," nor is it alleged or claimed that the two defendants have acted improperly in the matter or that they are in any way undeserving, but on the pleadings as now constituted, the plaintiffs rest their claim on the sole ground that said executor and trustee was without power to dispose of the realty or otherwise deal with it unless and until he had been qualified as executor, and this being true, we are of opinion that no cause of action is stated in the complaint and that the suit has been properly dismissed. From a perusal of the will it appears that the property is conveyed to Thomas W. Patton as executor "in solemn trust" with power to mortgage, sell or otherwise dispose of any part or parts or all of said property, at any time or times, and if sold either by public or private sale as to him in the exercise of his full discretion may appear best calculated to promote the interest of all concerned. Apart from the right of creditors, the primary purpose of the will is to provide a support for the husband and the two daughters and enable them to live together during the life of the husband. These are duties entirely collateral to the office of executor and not within the range of its usual and ordinary powers. So far as the realty is concerned, from the express terms used and from the nature of the duties themselves they appertain to the position of trustee and of a highly personal and confidential kind and in such case the authorities are very generally to the effect that it is·not essential to qualify as executor in order to perform the duties of trustee. *Pomeroy v. Lewis,* 14 Hho. Is., 349; *Tainter v. Clark,* 54 Mass., pp. 220-227; *Crouse v. Peterson,* 130 Cal., 169; *Dunning v. Bank,* 61 N. Y., 497; *Moody Lessee v. Fulner et al.,* 68 Penn. Rep., pp. 1-30; *Launing v. The Sisters of St. Francis,* 35 N. J., Eq., 392; 11 R. C. L. pp. 22-23. In

some of these cases, as in *Dunning v. Bank, supra,* the question was presented whether the duties of trustee when collateral to the office of an executor could be properly exercised by an administrator *cum testamento annexo,* the decision being against the exercise of the power. The effect of these decisions on that precise question has been very much modified with us by statute extending the powers of such an administrator. Rev., 82 and 3146, as interpreted in *Creech v. Grainger,* 106 N. C., 213, and other cases. But in our opinion, neither the statute nor the decisions thereon affect the application of the principal to the facts of this record, where, as stated, in addition to his ordinary and usual duties the executor has conferred upon him as trustee large discretionary powers in the control and disposition of the real estate, has entered without objection on the performance of these duties, when there is no claim of any breach of trust or bad management on his part and no administrator *cum testamento annexo* has ever been appointed nor any facts in evidence which tend to show a necessity for such appointment.

On such facts we think his Honor correctly ruled that the plaintiffs do not state a maintainable cause of action and the judgment dismissing the suit is approved.

Affirmed.