## 13579. SWITZER *v.* THE STATE.

BROYLES, C. J. 1. Under the facts of the case it is not made to appear that the judge abused his discretion in overruling the defendant's motion for a continuance, based upon the ground that she was physically unable to attend court and to undergo the ordeal of the trial and assist her counsel therein. The defendant was present in court and the judge had the benefit of observing and inspecting her physical appearance. Moreover, the testimony of a physician (who examined the defendant after she was brought to court) was that in his opinion she was physically able to go on with her trial. This testimony was not contradicted by any evidence adduced upon the hearing of the motion.

2. A special presentment is not void because it is not signed by the prosecutor or by the solicitor-general. See, in this connection, *Newman* v. *State*, 101 *Ga.* 534 (4), 539 (28 S. E. 1005); *White* v. *State*, 27 *Ga. App.* 769 (109 S. E. 917), and cit.

3. None of the instructions complained of, when considered with the remainder of the charge of the court and the facts of the case, shows reversible error.

4. The conviction of the defendant not depending entirely upon circumstantial evidence, the court did not err, in the absence of a timely and appropriate written request, in failing to. instruct the jury upon the law of circumstantial evidence.

5. Under repeated rulings of the Supreme Court and of this court, the failure of the judge to charge upon the subject of the impeachment of witnesses is not error, in the absence of a timely written request for such instruction.

6. Where an indictment is returned in Cobb county and the case is tried in that county, the testimony of a witness that the crime was committed in "this county" sufficiently establishes the venue as being in Cobb county.

7. The verdict was amply authorized by the evidence, the testimony of the accomplice being corroborated by proof of the corpus delicti, by the finding of some of the stolen property in the defendant's possession, and by proof of a confession by the defendant. For no reason assigned was the overruling of the motion for a new trial error.

      *Judgment affirmed. Bloodworth, J., concurs. Luke, J., dissents.*
          DECIDED JULY 11, 1922.

Indictment for burglary; from Cobb superior court — Judge Blair. April 15, 1922.

*W. A. Sims, H. B. Moss, Clay & Blair,* for plaintiff in error.
*John S. Wood, solicitor-general, Lindley W. Camp,* contra.

LUKE, J., dissenting. I do not agree to the ruling announced in the first division of the opinion. In my opinion the motion to continue the case should have been sustained.