STATE v. J. E. REAGAN.

(Filed 18 April, 1923.)

**1. Evidence—Demurrer—Nonsuit.**

Where the defendant in a criminal action demurs to the State's evidence, and upon the overruling of his motion introduces his evidence and again demurs after the close thereof, the entire evidence will be considered in the light most favorable to the prosecution.

**2. Larceny—Criminal Law—Evidence—Recent Possession—Presumptions —Jury—Trials.**

In an action for the larceny and receiving of an automobile, evidence that the car of the prosecutor had been taken from the place he had left it on the street of one town and within twenty-four hours thereafter was discovered by the prosecutor parked on the streets of a neighboring town with no one in it, but that the defendant had been seen several times walking by the car, watching if not guarding it, by a policeman who had been put upon watch by the prosecutor, and that the prosecutor, upon taking possession of his car found an overcoat therein with a letter in its pocket addressed to the defendant, together with the defendant's admission that the coat and letter were his, is evidence to be considered by the jury on the question whether the defendant was in the actual possession of the car at the time it was restored to the prosecutor.

**3. Larceny — Criminal Law — Evidence—Recent Possession—Issues of Fact.**

The presumption that the one in whose recent possession a stolen article has been found is the thief is not one of law, strictly speaking, but of fact, open to explanation by the one tried for the offense.

STATE *v.* REAGAN.

**4. Appeal and Error—Objections and Exceptions—Contentions—Instruction.**

> The appellant is required to call to the attention of the trial judge a mistake or error in reciting his contentions to afford the judge an opportunity to correct an inadvertence, if any, and an exception thereto after verdict comes too late to be considered on appeal.

**5. Appeal and Error — Harmless Error—Instructions—Character—Evidence.**

> Where testimony both of the good and bad character of the defendant tried for larceny and receiving has been introduced, and a State's witness has voluntarily qualified his testimony by stating his character was bad "in regard to his dealing in liquor," a charge of the Court saying in what respect the evidence is to be considered is not prejudicial to the defendant, and will not be held for reversible error.

APPEAL by defendant from *Harding, J.,* at November Term, 1922, of DAVIDSON.

The indictment charged the defendant with the larceny of a Ford car, and with receiving the car knowing it to have been stolen. The jury returned a general verdict of guilty. From the judgment pronounced the defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*John D. Slawter for defendant.*

ADAMS, J. The State offered evidence tending to show that Gary Long owned a Ford car which he left on Main Street in Thomasville about five o'clock on the afternoon of 14 January; that he returned from a picture show about two hours afterwards and found that his car had been stolen; that on the next day at 4 o'clock he saw it in one of the streets of Winston-Salem; that he made report of the larceny to police officers, one of whom while keeping watch noticed that a man who "looked like Mr. Reagan" walked by the car several times looking at it; that the officers later in the day turned the car over to the prosecutor Long, who found in it a raincoat, and in one of the pockets a letter addressed to the defendant; that the defendant admitted that the raincoat was his, and that he had received the letter, but said that the letter had been left in the pocket and the coat had been stolen.

The defendant offered evidence tending to show that he lived three miles from Winston-Salem, and was at home when the larceny occurred; that he had never seen the car and was not in Winston-Salem when it was found; that on the night of 6 January he parked his own car in front of the postoffice, throwing his raincoat over the radiator to protect it from the snow, and went away; and that upon his return the coat was

missing.  Evidence was introduced in corroboration of the defendant's testimony.  On cross-examination he admitted that he had been indicted three times for the larceny of automobiles, but that all the prosecutions except this one had been abandoned.  There was evidence for the defendant tending to show that his character was good, and evidence for the State tending to show that his character was "bad for whiskey" and "bad for fooling with liquor."

First when the State had rested its case, and again at the conclusion of all the evidence, the defendant moved to dismiss the action as in case of nonsuit; the second motion must therefore be considered in the light, not merely of the evidence which was introduced by the State, but of all the evidence offered at the trial.  *S. v. Killian,* 173 N. C., 792; *S. v. Brinkley,* 183 N. C., 720; *S. v. Pasour,* 183 N. C., 794.  This evidence, when construed most favorably for the prosecution, tends to show that the car was stolen in Thomasville on Saturday and within twenty-four hours afterwards was found in the street near a cafe in Winston-Salem; that the defendant was watching, if not guarding, it; and that in the car at the time it was found and returned to the owner were the defendant's raincoat and a letter which, properly addressed to him, the defendant had received through the mail.  We are at a loss to comprehend how the court could have disregarded the evidence or could have withdrawn it from the jury, as it was competent and directly relevant upon the question of the defendant's guilt.  The fact that the defendant's raincoat and letter were in the car was evidence that the car had come into his possession, as *Judge Gaston* said, "by his own act or, at all events, with his undoubted concurrence" (*S. v. Smith,* 24 N. C., 402), and in either event such recent possession was evidence for the jury. In *S. v. Jennett,* 88 N. C., 666; *Ashe, J.,* said:  "The State relies upon the fact of the stolen property being found in the defendant's possession, as raising a presumption that he is the thief.  'Presumptions,' says Mr. Archbold, 'are of three kinds: violent presumptions, where the facts and circumstances proved necessarily attend the fact proved; probable presumptions, where the facts and circumstances proved usually attend the fact proved; and light or rash presumptions, which, however, have no weight or validity at all.'  He thus illustrates the distinction: 'Upon an indictment for stealing in a dwelling-house, if the defendant were apprehended a few yards from the outer door with the stolen goods in his possession, it must be a violent presumption of his having stolen them.  But if they were found in his lodgings some time after the larceny, and he refused to account for his possession of them, this, together with proof of their having been stolen, would amount, not to a violent, but to a probable presumption merely.  But if the property was not found recently after the loss, as, for instance, not until sixteen

months after, it would be but a light or rash presumption, and entitled to no weight,' and for this latter position he cites the case of *Rex v. -------------, 2 C. & P., 459, where it was held that the possession of stolen goods sixteen months after the loss was not of itself sufficient to warrant a conviction of the defendant. See, also, *S. v. Rights,* 82 N. C., 675."

The clause, "The law presumes the holder to be the thief," is not interpreted as a presumption of law in the strict sense of the term, but only as a presumption of fact which is open to explanation. The defendant testified by way of explanation that his coat had been stolen, but this circumstance did not impair the right of the State to have the jury pass upon the question of the defendant's recent possession, or of any presumption of fact arising therefrom. *S. v. McRae,* 120 N. C., 609; *S. v. Hullen,* 133 N. C., 657; *S. v. Anderson,* 162 N. C., 572; *S. v. Ford,* 175 N. C., 797. The case of *S. v. Lippard,* 183 N. C., 786, is not inconsistent with these authorities, inasmuch as the defendant in that case had never been found in possession of the stolen car. For the reasons given, we think the defendant's motion to dismiss the action as in case of nonsuit was properly disallowed.

The instruction which is the subject of the defendant's third exception was a recital of certain contentions made by the defendant and not excepted to at the trial. It has repeatedly been held that if the judge's statement of the contentions of the parties is objectionable the objection should be promptly called to his attention in order to give him an opportunity to correct any oversight or inadvertence of this character, and that such objection cannot be made first after the verdict. *S. v. Baldwin,* 184 N. C., 791; *S. v. Kincaid,* 183 N. C., 709; *S. v. Montgomery, ibid.,* 747; *S. v. Winder, ibid.,* 777; *S. v. Sheffield, ibid.,* 783; *Construction Co. v. R. R., ante,* 43.

The following instruction was given the jury: "The State contends it has shown he is a man of bad character in regard to his transactions with liquor. You can consider the evidence tending to show good character of the defendant, and the evidence tending to show bad character as modified by the witnesses in regard to his dealing with liquor."

The witnesses for the State voluntarily testified in what respect the defendant's character was bad, and this they had a right to do. The instruction that the jury should consider evidence tending to show the defendant's "bad character as modified by the witnesses in regard to his dealing in liquor" can be construed only as limiting the consideration of such evidence to the particular respect in which the witnesses testified his character was bad, and this certainly was not prejudicial to the defendant. *S. v. Hairston,* 121 N. C., 579; *S. v. Wilson,* 158 N. C., 599; *Edwards v. Price,* 162 N. C., 244; *S. v. Melton,* 166 N. C., 442; *S. v.*

*Summers,* 173 N. C., 775; *S. v. McKinney,* 175 N. C., 784; *S. v. Butler,* 177 N. C., 585.

We have carefully examined the record and considered all the exceptions, and we find no reversible error.

No error.