STATE v. DICK McLAWHORN and LEVY MANNING.

(Filed 14 March, 1928.)

**Criminal Law—Evidence—Character Evidence.**

When a character witness states within the rule that the defendant, tried for violating the prohibition law, was a man of bad character, and voluntarily adds, "I have had several reports on him," and it is made to appear that the opinion of the witness was not based on such reports: *Held,* not reversible error. *S. v. Butler,* 177 N. C., 585, cited as controlling; *S. v. Mills,* 184 N. C., 694, cited and distinguished.

CRIMINAL ACTION, before *Lyon, J.,* at October Term, 1927, of PITT.

The defendants were tried upon bills of indictment charging them with the manufacture and possession of intoxicating liquor. The jury returned a verdict of guilty as to each defendant, recommending mercy. From judgment pronounced upon the verdict the defendants appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Albion Dunn for defendants.*

PER CURIAM. A witness for the State was asked the following question: "Do you know the general reputation of Dick McLawhorn prior to this?" The witness replied: "Why it's bad for making and selling whiskey. I have had several reports on him." The defendant McLawhorn objected to the last part of the answer, and moved that it be stricken out. The trial judge denied the motion, and the defendant excepted and assigned the ruling as error. In support of the validity of the exception the defendants relied upon *S. v. Mills,* 184 N. C., 694. We do not think the *Mills case* applicable. In that case it affirmatively appeared that the witness did not profess to know the general reputation of the defendant, stating, "All I can tell you is the report to me what people said to me. He was reported to me as a man handling liquor."

In the case at bar the witness makes a positive declaration as to the reputation of the defendant, and it does not appear that his knowledge of the reputation of the defendant was based entirely upon such reports. It further appears that the portion of the answer objected to was a voluntary statement of the witness. In our opinion the principle announced in *S. v. Butler,* 177 N. C., 585, is determinative of the merit of the exception.

There are other exceptions in the record, but upon examination of them we are of the opinion that they are not of sufficient importance to warrant a new trial.

No error.