26836. SIMMONS *v.* THE STATE.

414

*G. W. Langford,* for plaintiff in error.

*J. Ralph Rosser, solicitor-general, J. Sante Crawford,* contra.

MacIntyre, J. The first and second headnotes will be discussed. The defendant introduced evidence to show his good character. In rebuttal, a witness for the State was asked if he was acquainted with the defendant's general character—"Is it good or bad?" He answered: "I consider the making and handling of whisky affects a man's character; well, I say it is bad character and causes trouble. Whatever trouble it may be, it is on what people say, general character. Well, I would say it is bad; anybody that sells whisky is bad." Counsel for the defendant moved to exclude the testimony as to the character of the defendant, on the ground: First, that the witness being on direct examination, the questions and answers were in violation of the Penal Code of 1910, § 1053 (1933, § 38-1804), which deals with the method of impeaching a witness by reason of his general bad character. "Second, because the questions and answers did not relate to the plaintiff in error's general character good or bad. Third, because the questions and answers brought out particular transactions on direct examination. Fourth, because the questions did show impeachment of plaintiff in error's character, in that the questions and answers did not show an act malum per se. Fifth, because the questions and answers were an attempt to prove plaintiff in error's bad character by proof of specific acts. Sixth, because reputation that plaintiff in error was dealing in liquor afforded no ground for impeachment of plaintiff in error's character."

When one is accused of possessing intoxicating liquors, and introduces evidence to prove his good character, then that evidence is substantive and is adduced for the purpose of proving a fact in issue, and is distinguishable from evidence given for the purpose of discrediting a witness (i. e., showing that he is unworthy of belief), or of corroborating his testimony. Black's Law Dictionary (3d ed.), 702. "Good character is a substantive fact, like any other fact tending to establish the defendant's innocence, and

ought to be so regarded by court and jury." *Seymour* v. *State,* 102 *Ga.* 803 (30 S. E. 263); *Frank* v. *State,* 141 *Ga.* 243, 274 (80 S. E. 1016). Where the defendant introduces evidence of his good character, and in rebuttal the State introduces witnesses who testify that the accused's character is bad for dealing in whisky, the defendant having put his character in issue, this is a circumstance which amounts to substantive evidence against him. Murphy *v.* Reed, 180 N. C. 624 (105 S. E. 404). "Keeping in mind the theoretic and basal principle on which evidence of the defendant's good character is receivable in evidence in this State, i. e., to establish a substantive fact, we will look to the scope and character of evidence competent for this purpose. When defendant puts his character in issue, that character embraces the traits specially involved in the charge against him. Thus, on a charge for murder it would not illustrate the defendant's guilt or innocence by showing his general character for industry or prompt payment of his debts." *Frank* v. *State,* supra. But where, as in the instant case, the accused was charged with possessing intoxicating liquor, and his witnesses testified to his good character, the testimony of the State's witnesses in rebuttal being that the accused's character was bad for selling or dealing in intoxicating liquors, the court did not err in refusing to exclude the testimony. 33 C. J. 781, § 535. "While a person accused of crime may put his general character in issue, a witness called by him to show his general character will not be permitted on his examination in chief to testify as to particular instances, or special traits, which do not bear upon the peculiar nature of the crime charged." *Arnold* v. *State,* 131 *Ga.* 494 (62 S. E. 806). "In a criminal prosecution evidence of the general good character of the accused is limited to the particular trait involved in the nature of the charge; and evidence on the part of the State, in rebuttal of such proof of good character, must likewise depend upon the nature of the crime alleged, and be confined to those traits of character naturally involved in the commission of the particular offense." *Dunn* v. *State,* 16 *Ga. App.* 9 (3) (84 S. E. 488); *Josey* v. *State,* 20 *Ga. App.* 85 (92 S. E. 763).

The accused was charged with possessing intoxicating liquor, and his character as to dealing in or selling intoxicating liquor embraced the trait specially embraced in the charge. We think the

416

language of the Supreme Court of North Carolina in State *v.* Butler, 177 N. C. 585 (98 S. E. 821), is particularly appropriate in this case: "In the interest of the administration of justice and in the investigation of the truth of the charge before the court, the answer could not be stricken out. The jury were entitled to the information. This is plain, practical, common sense." In the instant case the State did not introduce evidence of the particular acts of misconduct of the accused, but only asked the witness as to the defendant's general character. Having stated that the defendant's character was bad, the witness had the right, on his own motion or volition, in the interest of truth, to qualify and explain his answer as to what the defendant's character was, by saying it was bad for selling liquor. State *v.* Butler, supra. The defendant's character might have been good for honesty or peaceableness, or he might have had other good traits of character which traits were not embraced in the charge alleged in the indictment. It was not erroneous to admit the testimony.

The rulings announced in the other headnotes do not require elaboration.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*