29073. BEASLEY *v*. THE STATE.

DECIDED OCTOBER 25, 1941.

*W. G. Neville*, for plaintiff in error.
*B. H. Ramsey, solicitor*, contra.

MacIntyre, J. ■ The defendant demurred to the accusation charging him with possessing whisky which did not bear tax stamps, in violation of the Code, § 58-1056, on the ground that it did not charge an offense, because it failed to allege the strength of the whisky and did not allege that it was intoxicating, which is a necessary allegation. In *Edwards* v. *State,* 124 *Ga.* 100 (52 S. E. 319), the Supreme Court held that under the Code of 1895, § 431, if a person, without procuring the license and taking the oath prescribed by law, sells any of the liquors named in that section, among which is whisky, it is not necessary for the State to allege or prove that such named liquors are intoxicating. By parity of reasoning, it was not necessary in this case for the State to allege or prove that the whisky alleged to have been possessed in violation of § 58-1056, was intoxicating. The judge properly overruled the demurrer to the accusation.

■ The arresting officer testified that as he looked through a crack in the wall of the kitchen he saw the defendant pouring whisky out of a half-pint bottle, and when he and his companion officer went inside of the house they smelled the whisky which still dampened the wall and floor of the kitchen where the defendant had poured it from an unstamped bottle, and that it was "bootleg whisky;" that the defendant was sitting in another room of the house by the fire when the officer walked in, and the defendant "told me that that was just some whisky that he had to drink." The other officer confirmed this testimony, and stated that he smelled the bottle from which the defendant had poured the whisky, and that the bottle still contained "a small amount" of "moonshine liquor;" that the liquor was white and had the odor of "moonshine liquor;" that there was no stamp on the bottle; and "I asked him was he selling whisky, and he said no, that he just had it to drink." The evidence was sufficient to authorize a conviction of possessing tax-unpaid whisky in violation of the Code, § 58-1056.

■ Ground 4 of the motion for new trial is expressly abandoned in the defendant's brief.

■ In ground 5 the defendant contends that the judge erred in failing to charge to the jury the law of circumstantial evidence. The admission by the defendant that he had the whisky just to drink is to be taken as directly connecting him with the commission of the crime charged, and the evidence on which the State depended

for conviction was not wholly circumstantial. The judge did not err in failing to give in charge the law of circumstantial evidence. *Strickland* v. *State*, 167 *Ga.* 452, 455 (145 S. E. 879).

■ The judge did not err in charging the jury "that if a person be caught with a spoonful of such alcohol, he would be technically guilty under the law." *Biddy* v. *State*, 22 *Ga. App.* 784 (97 S. E. 196) ; *Simmons* v. *State*, 58 *Ga. App.* 413 (5) (198 S. E. 816).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*