29432. HILLMAN *v.* THE STATE.

DECIDED APRIL 21, 1942.

*Randall Evans Jr., and Jack D. Evans,* for plaintiff in error.
*J. Cecil Davis, solicitor-general,* contra.

MACINTYRE, J. The defendant was convicted of having unstamped liquor in his possession. To the overruling of his objection to the accusation and of his motion for new trial he excepted.

The first objection to the accusation was that it was not signed by the solicitor, but instead had the solicitor's name printed thereon. There is no merit in this contention. It appears from the record that the affidavit upon which the accusation was based was in part as follows: "Personally comes L. J. Norris who on oath says that to the best of his knowledge and belief Charlie Hillman did on the 14th day of June, 1941 commit the offense of having unstamped liquor in [his] possession," etc. The affidavit was signed by L. J. Norris and attested by the clerk of the superior court of McDuffie County. The accusation itself was in part as follows: "I, L. J. Norris, in the name of the State of Georgia, do charge and accuse Charlie Hillman of the county and State aforesaid, basing said accusation on the within affidavit, with the offense on the 14th day of June, 1941, of having unstamped liquor in [his] possession," etc. The accusation was signed by L. J. Norris, prosecutor, on the right-hand bottom of the page, and on the

left-hand bottom of the page the following was printed: "J. Cecil Davis, solicitor-general, Toombs judicial circuit." The act of 1937-1938 provides that "Prosecution for violation of the terms of this act may be had upon accusation filed by the solicitor of any criminal court, and it shall not be a condition precedent to such prosecution that the defendant has been indicted by grand jury." Ga. L. Ex. Sess. 1937-38, pp. 103, 124, sec. 30). The exact point has been raised in other jurisdictions, and the courts there have held that the contention was not meritorious. Miller *v.* State, 36 Tex. Cr. 47 (35 S. W. 391); Coburn *v.* State, 151 Ala. 100, 104 (44 So. 58, 15 Ann. Cas. 249); 30 A. L. R. 700, 705; and cit. See also *Newman* v. *State,* 101 *Ga.* 534 (4) (28 S. E. 1005); *Barlow* v. *State,* 127 *Ga.* 58 (56 S. E. 131); *White* v. *State,* 27 *Ga. App.* 769 (109 S. E. 917); *Switzer* v. *State,* 28 *Ga. App.* 747 (2) (113 S. E. 55); *Cook* v. *Walker,* 161 *Ga.* 551 (131 S. E. 288); *Mitchell* v. *State,* 126 *Ga.* 84 (54 S. E. 931). When the solicitor-general filed the accusation in the court with his printed signature thereon in accordance with the general custom of his office, this was in effect an adoption of the printed signature by the solicitor-general, a court officer, as his true and authentic signature. 30 A. L. R. 703. The other objection to the accusation was expressly abandoned by the defendant in his brief.

The special ground of the motion for new trial excepted to the following charge: "Now, gentlemen, this defendant has not made any statement before you in this case. It is not to be considered as any evidence against the defendant." It was not cause for a new trial for the judge to charge as quoted above. Nothing was said that would leave the jury to infer that his failure to make a statement was to be counted against him, but on the contrary it seems to us that it was a cautionary charge favorable to the defendant. *Brooks* v. *State,* 63 *Ga. App.* 575 (8), 581 (11 S. E. 2d, 688); *Carter* v. *State,* 7 *Ga. App.* 42 (65 S. E. 1090).

The witness for the State testified that he found the defendant in possession of tax-unpaid corn whisky, and the technical point raised by the defendant that the witness failed to testify that the defendant had possession of any "distilled spirits or alcohol," is not meritorious. The court will take judicial cognizance of the fact that whisky is distilled spirits or alcohol. *Snider* v. *State,* 81 *Ga.* 753, 756 (7 S. E. 631, 12 Am. St. R. 350); *Edwards* v. *State,*

124 *Ga.* 100 (52 S. E. 319). See also *Beasley* v. *State,* 66 *Ga. App.* 109 (17 S. E. 2d, 205). The evidence authorized the verdict and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*