30300. BENTLEY *v.* STATE OF GEORGIA.

Decided January 6, 1944.

*Stevens & Stevens, Carroll D. Colley,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

GARDNER, J. ■ (*a*) Ground 1 of the motion assigns error because the court overruled a motion for a continuance, on the ground that "Mrs. Carrie Lou Bentley is sick and unable to assist counsel in the trial of her case, and we can not go to trial without the aid and assistance of our client. We will call her, if your honor pleases, as a witness to this fact." The defendant in support of the motion testified in substance that she was then sick, and had been sick for about eight or nine weeks; that during that period she at first had been confined to her bed for five or six weeks with low blood pressure, run down condition, and nervousness, and was then nervous and unable to assist her counsel in the trial of the case, and had so advised her counsel. On cross-examination she testified that she advised her counsel "this morning" that she was unable to assist him,—that she hadn't told him that before, but had talked the case over with him, although she had not gone over it with him. She testified to having gone to the office of one of her attorneys some five weeks before, and had seen counsel on other occasions. She further testified that on the day of the trial Dr. A. W. Simpson examined her by taking her blood pressure, and that she informed him of her low blood pressure and nervous condition. She further testified that she was sick at the time the car was seized, but that her blood pressure was better "now." She stated that she

had had a physician administer a drug to her the day the case was called, in order that she might be able to go on the stand. She was sick the week before when her attorney visited her in her home. She stated that she was "up" when Dr. Simpson went to her home and examined her "this morning."

The State, on the motion for a continuance, called Dr. Simpson, who testified that he examined the defendant at the instance of the court, and that after taking her blood pressure and testing her heart, he found her normal in every way and well able to attend court; that she was up and about her home when he arrived for the examination, and that she informed him that she was fixing to go to town; that after the examination she got in the car and rode to town with him, and that he could detect no unusual nervousness. After the evidence, as substantially related above, was before the court, the court overruled the motion, after making this statement to counsel for the defendant: "It was at your suggestion as counsel for defendant that I sent a physician out there to investigate her condition, and according to the record of the physician, in his opinion she was able to go to trial."

It is provided in the Code, § 81-1419, that motions for continuance are addressed to the sound discretion of the court and on counter-showing, after a hearing, the court may decide whether the motion shall prevail. Under this principle of law, and under authority of the decision in *Higgs* v. *State,* 145 *Ga.* 414 (89 S. E. 361), and cases cited therein, and *Switzer* v. *State,* 28 *Ga. App.* 747 (113 S. E. 55), the court did not, under the facts of this case, abuse its discretion in overruling the motion for continuance.

(*b*) Ground 2 of the motion assigns error because the court, over objection of the defendant, admitted in evidence the testimony of the sheriff, and of State trooper Beasley, on the ground that the manner in which the testimony was obtained forced her to give evidence against herself in violation of her constitutional right. Since the evidence in this particular was practically the same as that set out in the statement of facts in *Bentley* v. *State,* supra, and dealt with in division 1 of that opinion, we will not discuss it further in this case. This ground is without merit.

■ Mrs. Bentley contends that the evidence does not sustain the verdict for the reason that there is no proof that the owner or lessee of the car is shown, as alleged in paragraph 3 of the petition, which

she, in her answer, denied. The uncontradicted evidence for the State was to the effect that Mrs. Bentley was operating the car at the time, and that she exercised ownership. Moreover, she contested the proceedings. Under the record of the whole case, we are of the opinion that her interest in the car as thus shown was sufficient to condemn that interest, whatever it might have been, as evidenced by possession, operation, and her exercise of ownership. In this connection it must be kept in mind that no other claimant appeared, or was concerned. If she was the owner, or lessee, her interest in the car was subjected to condemnation. If she was not, she can not be injured. We might add that the reference to "the owner or lessee" in the Code, § 58-207, simply means that a motor vehicle owned or leased by a person other than the operator of the vehicle can not be condemned without notice to such owner or lessee, if known, and without proving that the vehicle was being used for the illegal transportation of contraband liquors by the operator "with the knowledge of the owner or lessee." In this view of the case, the authorities cited by able counsel for the plaintiff in error, to wit: *Lang* v. *Hitt, 24 Ga. App.* 714 (102 S. E. 136) ; *Citizens Trust Co.* v. *State, 26 Ga. App.* 750 (107 S. E. 274) ; *Seminole Securities Co.* v. *State, 35 Ga. App.* 723 (134 S. E. 625), are not applicable to the facts of this case except that they enlarge upon notice to the owner or lessee of the intention to condemn, and the knowledge of the illegal use of such car by the owner or lessee. At least the evidence is sufficient to establish a prima facie case against the defendant interested in the car. This assignment of error is without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*