STATE v. FRED T. MILLS.

                          (Filed 5 March, 1952.)

**1. Criminal Law § 40a—**

   The witness, in reply to a question as to the defendant's general char-
   acter, stated that it was good "with the exception of dealing in whiskey."
   *Held:* The answer is not a proper subject of exception, since a witness may
   voluntarily qualify and explain his character testimony.

**2. Intoxicating Liquor § 9d—**

   Evidence in this case *held* sufficient to support a verdict of guilty of
   unlawful possession of intoxicating liquor for the purpose of sale.

APPEAL by defendant from *Bobbitt, J.,* and a jury, Regular September
1951 Criminal Term, McDOWELL.

The defendant was found guilty by a jury of the unlawful possession
of intoxicating liquor for the purpose of sale. All other counts in the
bill of indictment were disposed of by judgment as of nonsuit.

*Attorney-General McMullan and Assistant Attorney-General Bruton
for the State.*

*I. C. Crawford, Robert R. Reynolds, and Lawrence C. Stoker for de-
fendant, appellant.*

VALENTINE, J. A witness for the State was asked if he knew the
general character and reputation of the defendant. He replied: "It is
good with the exception of dealing in whiskey."

It is well settled in this jurisdiction that a witness, who is questioned
only as to defendant's general character, may qualify and explain his
answer. *S. v. McLawhorn,* 195 N.C. 327, 141 S.E. 883; *S. v. Saleeby,*
183 N.C. 740, 110 S.E. 844; *S. v. Mills,* 184 N.C. 694, 114 S.E. 314; *S. v.
Reagan,* 185 N.C. 710, 117 S.E. 1; *S. v. Fleming,* 194 N.C. 42, 138 S.E.
342; *S. v. Pridgen,* 194 N.C. 795, 139 S.E. 601; *S. v. Butler,* 177 N.C.
585, 98 S.E. 821; Stansbury, N. C. Evidence, Sec. 114.

There was sufficient evidence to support the verdict of guilty upon the
charge of unlawful possession of intoxicating liquor for the purpose of
sale. *S. v. Carlson,* 171 N.C. 818, 89 S.E. 30; *S. v. Mann,* 219 N.C. 212,
13 S.E. 2d 247; *S. v. Johnson,* 220 N.C. 773, 18 S.E. 2d 358; G.S. 15-173.

Hence, the judgment of the court below must stand.

No error.