## 41623. BROWN v. THE STATE.

NICHOLS, Presiding Judge. 1. "The defense of entrapment is not successful when the conduct of investigating officers toward the accused would not likely have enticed into crime an unwary innocent who would otherwise have struggled with himself and resisted ordinary temptations, but would be likely to induce only those ready and willing to commit a crime." *Merritt v. State,* 110 Ga. App. 150 (137 SE2d 917).

2. The trial court did not err in charging the jury that the defendant was not required to make a statement and that his failure to make a statement was not to be held against him. See *Hillman v. State,* 67 Ga. App. 292, 293 (20 SE2d 91), and citations.

(a) The request to overrule the above cited case and similar cases is denied. As was held in the *Hillman* case, supra, the cautionary instruction was favorable to the defendant.

3. "A plea of not guilty, by one accused of crime, is an expressed contention on his part antagonistic to every fact necessary

to be proved by the State in order to establish his guilt; and unless the accused admits one or more of the facts which it devolves upon the State to prove, such fact must be established by evidence. To assume that an important fact in the case on trial has been admitted, and to so instruct the jury when no such admission has been made, is reversible error." *Cooper v. State,* 2 Ga. App. 730 (1) (59 SE 20). See also *Duke v. State,* 43 Ga. App. 428 (158 SE 919), and citations.

4. The sole admission in the case was that the county had issued no licenses to sell beer, and the trial court erred in instructing the jury that it was admitted that the first sale, if it. took place, took place in Washington County, Ga., outside of any municipality.

5. Inasmuch as the case must again be tried the enumeration of error which contends that the verdict was without evidence to support it will not be passed upon except to say that a verdict of acquittal was not demanded.

*Case remanded for new trial. Eberhardt and Pannell, JJ., concur.*

SUBMITTED NOVEMBER 2, 1965—DECIDED NOVEMBER 10, 1965.

*Casey Thigpen,* for appellant.

*Thomas A. Hutcheson, Solicitor,* for appellee.

