State v. Marsh

STATE OF NORTH CAROLINA v. JOHNNY MARSH

No. 7310SC145

(Filed 31 January 1973)

Larceny § 7— larceny of automobile — sufficiency of evidence

There was sufficient evidence to go to the jury in a felonious larceny case where the evidence tended to show that the victim's 1966 Chevrolet was stolen from a public street, that defendant purchased the frame and body of a 1966 Chevrolet from a salvage dealer, that the junked body was later found with its public serial number removed, that the victim's vehicle was found in front of defendant's residence with the serial number from the junked vehicle soldered to it, that the vehicle was towed to a garage where it was identified by the victim as his, that the defendant took one Edgerton to the garage to pick up the vehicle, and that a wallet containing several identification papers of defendant was found in the glove compartment of the stolen vehicle.

ON *certiorari* to review a trial before *Brewer, Judge,* 18 October 1971 Session of Superior Court held in WAKE County.

Defendant was convicted of felonious larceny of an automobile. From judgment imposing an active prison sentence of not less than 5 nor more than 10 years, defendant gave notice of appeal.

*Attorney General Robert Morgan by William F. Briley, Assistant Attorney General for the State.*

*Pearson, Malone, Johnson & DeJarmon by C. C. Malone, Jr. for defendant appellant.*

VAUGHN, Judge.

Defendant's only assignments of error are to the effect that there was insufficient evidence to go to the jury and that, there being no evidence that defendant was ever in possession of the stolen vehicle, it was error to instruct the jury on the law as to possession of recently stolen property.

The State's evidence tended to show that on 11 January 1969, Donald William Panko's 1966 blue Chevrolet convertible automobile, bearing public serial number 168676T218595 was stolen from a public street in Raleigh. A dealer in automobile salvage testified that on 9 January 1969, the defendant, using the name Robert Newman, purchased the frame and battered body of a 1966 Chevrolet convertible automobile bearing serial number 164676D156735. A District Supervisor of the License Theft Enforcement Division of the Department of Motor Vehicles testified that he inspected a junked chassis and part of the body of a 1966 Chevrolet left near a wooded area two miles outside of Lillington. Although the public serial number had been removed from the body of this automobile, it was identified by a confidential serial number, 164676D156735, located in the place known only to authorized personnel. This was the same serial number that was on the vehicle purchased by defendant from the salvage dealer and registered in the name of Robert Newman. The investigator from the Department of Motor Vehicles went to a Raleigh residence where defendant answered his knock and where he found a 1966 blue Chevrolet convertible parked on the street in front of the residence. The vehicle bore a registration plate issued in the name of Robert Newman. The public serial number on this vehicle was 164676D156735 and the confidential number was 6T218595, the serial number of the stolen vehicle. The plate containing the public number appeared to have been soldered rather than riveted to the vehicle and was easily detached. The vehicle was towed away to Price's garage. Another witness, Jackie Edgerton, testified that he knew defendant and that sometime in January he had ridden in a 1965 or 1966 blue Chevrolet convertible driven by defendant. A day or two after taking this ride he was picked up by defendant and driven to Price's garage where he was supposed to go in and pick up Robert Newman's automobile. When Edgerton went in to get the vehicle, he was detained by detectives. The owner identified the impounded vehicle at the garage as his own. A wallet, containing several identification papers includ-

ing a motor vehicle operator's license and a social security card in the name of defendant, was found in the glove compartment of the stolen vehicle. That this evidence is ample to prove defendant's theft and possession of the vehicle is so plain as not to require discussion. See, for example, *State v. Reagan*, 185 N.C. 710, 117 S.E. 1, where the court held that the fact that the defendant's overcoat and letter were in a stolen car was evidence that the car had come into his possession and that such possession was evidence for the jury.

No error.

Judges BRITT and PARKER concur.